UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RODNEY DOGGETT, et al., §
Plaintiffs §
§
v. § Civil No.: 06-0575(RBW)
§
ALBERTO GONZALES, et al., §
Defendants §
§
§

RECEIVED
JUN 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO ENLARGE TIME TO FILE ANSWER

Plaintiffs ask the Court to deny Defendants' "Motion to Enlarge Time" to file their answers.

A. Introduction

1.   Plaintiffs sued Defendants, individually and in their official capacities, for denial of access to courts. Plaintiffs filed suit against Defendants on March 29, 2006.

2.   Plaintiffs properly obtained summons on each Defendant and effected service of process on each and every Defendant, save Gregory Miller, AUSA and Paul Charlton, AUSA as follows:

| Defendant | Date |
|---|---|
| Defendant Alberto Gonzales | April 12, 2006 |
| Defendant James Sensenbrenner | April 10, 2006 |
| Defendant Jay Apperson | April 12, 2006 |
| Defendant Leonidas Meachum | April 11, 2006 |
| Defendant Donna Bucella | April 12, 2006 |
| Defendant Johnny Sutton | April 10, 2006 |
| Defendant Chuck Rosenberg | April 7, 2006 |
| Defendant Ricardo Hinojosa | April 10, 2006 |

3.   Pursuant to Federal Rule of Civil Procedure 12(a)(3), the

1

Defendants were required to file their answers within sixty (60) days after service was effected.

Accordingly, Defendants' answers were due as follows:

| Defendant | Date |
|---|---|
| Defendant Gonzales | June 12, 2006 |
| Defendant Sensenbrenner | June 12, 2006 |
| Defendant Apperson | June 12, 2006 |
| Defendant Meachum | June 12, 2006 |
| Defendant Bucella | June 12, 2006 |
| Defendant Sutton | June 12, 2006 |
| Defendant Rosenberg | June 6, 2006 |
| Defendant Hinojosa | June 9, 2006 |

4.   On June 12, 2006, United States Attorney, Kenneth L. Wainstein, Assistant United States Attorney, Rudolph Contreras, and Assistant United States Attorney, John Henault, filed a motion seeking to enlarge time to file answers on behalf of Defendants, both officially and individually. Three (3) attorneys filed on behalf of the Defendants in their official capacities; however, the attorneys also conceded they do not in fact represent any Defendants sued in their individual capacities. (See Page 2 of Defendants' Motion)

5.   Defendants request the Court extend the time to file their answers until August 16, 2006. Defendants, effectively, request an additional 60 days. Typically, defendants are allowed only **20** days to file an answer; however the Government is allowed **60 days** to file an answer. [FRCP 12(a)(3)]

### B. Argument

6.   Regarding the Defendants in their official capacities,

2

Defendants Rosenberg and Hinojosa's motion to enlarge time to file an answer was filed **after** their answer was due. Accordingly, Defendants Rosenberg and Hinojosa's motion to enlarge time is inadequate and should be denied because Defendants Rosenberg and Hinojosa are required to seek enlargement of time pursuant to Fed.R.Civ.P. 6(b)(2). 6(b)(2) allows a court to consider the extension upon a motion made after the expiration of the specified period where failure to act was the result of excusable neglect. Defendants' motion regarding Rosenberg's and Hinojosa's request does not set forth any allegation of excusable neglect and thus should be denied.

7.     Regarding Defendants in their individual capacities, all individual Defendants have defaulted in filing their answers. Pursuant to Fed.R.Civ.P. 12(a)(3)(B), an officer or employee of the United States sued in an individual capacity shall serve an answer to the complaint within sixty (60) days after service on the officer or employee, or service on the United States Attorney, whichever is later. All Defendants, individually, who were properly served as set forth herein, have defaulted. Plaintiffs seek and file contemporaneously herewith a request for entry of default against such Defendants.

8.     Although a court may grant a request for an extension of time if the motion to enlarge shows proof of good cause and the failure to act timely was the result of excusable neglect, this is not a case in which the Court should do so for Defendants Rosenberg

3

and Hinojosa. Fed.R.Civ.P. 6(b)(2); <u>Donald v. Cook Cty. Sheriff's Dept.</u>, 95 F.3d 548, 558 (7th Cir. 1996).

9. The Court should deny Defendants Rosenberg and Hinojosa's motion for additional time to file his answer because Plaintiffs will be prejudiced by the enlargement of time. If extension is granted, and Plaintiffs ultimately prevail on their claims, this extension will only serve to further deny Plaintiffs' access to the courts. The denial of access to the courts prevents Plaintiffs' claims from being reviewed on the merits. Because of this denial of access, Plaintiffs continue to suffer deprivation of Constitutional protections. Furthermore, the delay in filing an answer has been unreasonable. The Federal Rules of Civil Procedure adequately address the time necessary for governmental defendants. Typical defendants only have 20 days to file an answer; however, governmental defendants are allowed sixty (60) days to file their answer. The rationale for the additional time allowed for governmental defendants likely includes time to review a complaint and determine whether a complaint alleges claims against the governmental defendants in an official capacity or an individual capacity. Futher, the additional time may be necessary to determine representation of the defendants and whether multiple answers will be filed. Rule 12(a)(3)(A)(B) adequately address the need for additional time for governmental defendants. Finally, Defendants Rosenberg and Hinojosa's request does not allege any excusable neglect and the reasons stated in Defendants' motion do not otherwise constitute excusable neglect. A lawyer's miscalculation of

4

a deadline to respond is not excusable.

10. Although a court may grant a request for extension of time for "cause shown," this is not a case in which the Court should do so.

11. The Court should deny the motion to enlarge time because Defendants did not show cause why the Court should grant their request for additional time to file their answers. The only assertion of any "cause" by Defendants relates to Defendants' inability to timely decide if the Government desires to represent the Defendants in their individual capacities. The Government concedes that it does not represent any individual Defendants; however, the Government alleges since defenses may be similar for the Government and the individual Defendants, it "makes sense" for the Court to permit a single response to Plaintiffs' complaint. The Government is disingenous: what makes sense is for the Government to discontinue denying citizens, including the Plaintiffs their right of access to the courts. Indeed, Defendants' conduct is analogous to the very allegations contained in Plaintiffs' complaint.

12. Defendants have not been diligent in any manner in responding to Plaintiffs' complaint. As stated herein, Defendants have already been allowed additional time to file their answers beyond the time afforded any non-governmental defendant.

13. Finally, Plaintiffs will be harmed by the delay. Plaintiffs

5

have attempted for years to access courts for a review of their claims on the merits. The Defendants' motion is just another dilatory tactic made in bad faith to continue denying Plaintiffs access to the courts.

### C. Conclusion

14. For these reasons, Plaintiffs ask the Court to deny Defendants' motion to enlarge time to file their answer. Alternatively, Plaintiffs ask the Court to deny the sixty days requested and allow the Government 10 days to file any answer. Finally, its Plaintiffs object to any potential ex parte orders granting Defendant's motion to enlarge time.

## Prayer

WHEREFORE, Plaintiffs ask the Court to deny Defendants' motion to enlarge time to file an answer and to enter a default judgment against Defendants as set forth in Plaintiffs' request for default judgment filed contemporaneously herewith, and for all other relief to which Plaintiff may be entitled, at law and in equity. Respectfully submitted,

_____
Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159

_____
Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159

_____
Gary Callahan
#01628-196
P. O. Box 9000
Seagoville, TX 75159

_____
Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159

## Certificate Of Service

I certify under the penalty of perjury that I have mailed a true and correct copy of the enclosed pleadings, first class prepaid postage, to the following named Defendants in Cause Number 06-0575 (RBW):

1. Alberto Gonzales
2. James Sensenbrenner
3. Jay Apperson
4. Leonidas Meachum
5. Donna Bucella
6. Johnny Sutton
7. Chuck Rosenberg
8. Ricardo Hinojosa

Each Defendant's address to receive this mailing is listed in Exhibit "A" of "Plaintiff's Request For Entry Of Default".

I certify under the penalty of perjury the foregoing is true and correct. 28 U.S.C. § 1746. Signed this the 17th day of June 2006.

Rodney S. Doggett