UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RODNEY DOGGETT, et al §
    Plaintiffs §
§
v. § Civil No.: 06-0575(RBW)
§
ALBERTO GONZALES, et al., §
    Defendants §

PLAINTIFFS' MOTION TO TAKE JUDICIAL NOTICE OF FACTS
AND MOTION TO ENLARGE TIME TO SERVE DEFENDANTS

Plaintiffs ask the Court to take judicial notice of facts.

A. Introduction

1.    Plaintiffs are Rodney Doggett, Russell Kaemmerling, Gary Callahan and Brian Culwell, federal inmates residing at F.C.I. Seagoville, Texas. Defendants are Alberto Gonzales, U.S. Attorney General; F. James Sensenbrenner, U.S. Representative; Jay Apperson; Leonidas Meachum, Director, Administrative Office of the Courts; Donna Bucella, Director, Executive Office for the U.S. Attorneys; Johnny Sutton, Chuck Rosenberg, Paul K. Charlton and Gregory Miller, U.S. Attorneys; and Ricardo Hinojosa, Chairman, U.S. Sentencing Commission.

2.    Plaintiffs sued Defendants, in their official and individual capacity, for violating Plaintiffs' right of access to the courts.

3.    Despite being granted an additional sixty (60) d[ays to file] their answer. Defendants have not yet filed their answer. Defendants

RECEIVED
AUG 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

yet again ask for more time in which to file their answer. As part of their motion for more time Defendants alleged the Defendants have not been served in their individual capacity.

4. Plaintiffs ask the court to take judicial notice that Plaintiffs have served the Defendants in their individual capacity.

### B. Argument

5. The Court has the authority to take judicial notice of adjudicative facts. The Court can take judicial notice of facts that are not subject to reasonable dispute if the facts are either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate determination by resorting to sources where accuracy may not be reasonably questioned. Fed.R.Evid. 201(b)

6. There is no reasonable dispute that certain defendants have been served in their individual capacity and the court can capably and accurately examine the Clerk's file for its determination.

7. The Court must take judicial notice of a fact if a party properly requests the court to take judicial notice and supplies the Court with the necessary information. Fed.R.Evid. 201(d). The necessary information for the Court to take judicial notice of the requested facts has been filed with the Clerk of Court.

8.     If a party makes a timely request the party is entitled to a hearing on the propriety of taking judicial notice. Fed.R.Evid. 201(e). Plaintiffs ask the Court to hold a hearing to consider this motion.

9.     Plaintiffs served Defendants in their individual capacity (return of service has been filed). Plaintiffs filed suit on March 29, 2006; obtained summons; and served Defendants by certified mail, return receipt requested, as follows:

| | |
|---|---|
| Gonzales | April 12, 2006 |
| Sensenbrenner | April 10, 2006 |
| Apperson | April 12, 2006 |
| Meachum | April 11, 2006 |
| Bucella | April 12, 2006 |
| Sutton | April 10, 2006 |
| Rosenberg | April 7, 2006 |
| Hinojosa | April 10, 2006 |

10.    This Circuit has held that Federal Rule of Civil Procedure 4 which governs service of process is "primarily concerned with effectuating notice." See FTC v. Compagnie de Saint-Gobain-Port-A-Mousson, 636 F.2d 1301, 1312 (DC Cir 1980). In fact, the Court reasoned, "The general attitude of the federal courts is that Rule 4 should be liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the rule itself. This is consistent with the modern conception of service of process as primarily a notice-giving device." Id. (emphasis added) Defendants, having been served, have actual notice of the lawsuit against them.

11.     Plaintiffs served Defendants individually by affecting service of process with certified mail, return receipt requested. Rule 4(e)(1) Fed.R.Civ.P. allows for such service. Rule 4(e) identifies two ways to successfully effect service: 1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode. Fed.R.Civ.P. 4(e)(1)(2). "When notice is actually given a person, it matters not a whit whether he or she receives it at home, at work, at play or anywhere else." Lenoir v. Federal Deposit Ins. Corp., 709 F.Supp. 830, 832 (N.D.Ill. 1989)

12.     Plaintiffs did not serve Defendants personally or by leaving a copy of summons and complaint at Defendants' dwelling house or usual place of abode because Plaintiffs, Pro Se inmates, not only lack Defendants' home addresses, Defendants would likely object to any attempts by Plaintiffs to gain such knowledge and attempt such personal service.

13.     Federal courts have acknowledged the difficulty for pro se prisoner litigants effecting service of process. In Sellers v. U.S., 902 F.2d 601, 602 (7th Cir. 1990), the Court reasoned that "prison guards do not want prisoners to have their home addresses, and the

-4-

BOP is reluctant to tell prisoners even the current place of employment of their former guards. This is a sensible precaution. Further, our impression from a series of cases is that prisoners appearing pro se get the runaround, no matter how hard they try to follow the Department's preferred method of inquiry. Because the Marshals Service is part of the DOJ, it should have ready access to the necessary information."

14. The 7th Circuit has also held state trial rules permitted an inmate to serve defendants at their place of employment and permited someone other than defendants to accept service. See Robinson v. Turner, 15 F.3d 82 (7th Cir. 1994) The Court did not decide whether the federal service provison allowed mail service to a place of employment, and noted that caselaw would indicate that under the federal provison, certified mail must be directed to the individual's residence. Id. Distinguising Lewellen v. Morley, 875 F.2d 118 (7th Cir. 1989)(holding attorney's attempts to serve Chicago office of the DEA was ineffective), the Court reasoned that in a "Bivens" action, requiring the plaintiff, a federal prisoner, to serve each of defendants, at their homes has serious implications. Id.

15. Plaintiffs cannot be expected to serve Defendants personally at their homes or usual place of abode. Service of Defendants at their place of employment is thus proper. Furthermore, pursuant to Rule 4(e)(1), Plaintiffs may serve Defendants by mail under the laws of the District of Columbia. D.C. Code §13-431.

16.     For these reasons, Plaintiffs ask the Court to take judicial notice that Defendants have been served in their individual capacity.

### C. Alternative Motion

17.     In the alternative, should the Court decline to take judicial notice, or to find Plaintiffs have not served Defendants in their individual capacity, Plaintiffs ask the Court to grant them additional time to serve Defendants individually with a summons and complaint, as acknowledged by Fed.R.Civ.P. 4(m).

18.     Plaintiffs have been diligent in attempts to locate Defendants but cannot obtain Defendants' home addresses. Therefore, Plaintiffs have served Defendants at their place of employmenmt.

### D. Argument

19.     The Court should grant a request for additional time to serve Defendants individually on a showing of good cause. Fed.R.Civ.P. 4(m). Nevertheless, if the court determines that good cause does not exist, the court may enlarge the time to serve defendants on a showing that the relief is justified. See Henderson v. U.S., 517 U.S. 654, 662 (1996).

20.     Plaintiffs ask the Court to grant them additional time to

serve Defendants individually because Plaintiffs have been diligent in their efforts to serve Defendants. In fact, Defendants dilatory actions of seeking repeated extensions to file an answer were done in a likely attempt to deprive Plaintiffs of time to serve Defendants individually within the 120 days of Rule 4(m). Defendants' actions should not be so justified. See Ahern v. Neve, 285 F.Supp.2d 317 (E.D. N.Y. 2003)("A defendant cannot justly be allowed to lie to wait, masking by misnomer its contention that service of process has been insufficient and then obtain dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.")(internal citations omitted) Ahern noted that "responsive pleadings do not preserve the defense of insufficiency of process in perpetuity." Id.

21.     If the Court grants Plaintiffs' request for 60 days the extension will enable Plaintiffs to serve Defendants and not inconvenience the Court or any party. Further, Plaintiffs ask the Court to direct the U.S. Marshals to serve Defendants individually. Plaintiffs file their in forma pauperis request contemporaneously with this pleading.

21.     If Plaintiff does not receive additional time, Plaintiffs will suffer harm because the Court could dismiss Plaintiffs' action against Defendants individually.

22.     For these reason Plaintiffs ask the Court to grant the

extension of 60 additional days so Plaintiffs may serve Defendants individually.

### E. Conclusion

Wherefore, Plaintiffs ask the Court to take judicial notice that Plaintiffs have served Defendants individually. In the alternative, Plaintiffs ask the court to grant extension of 60 additional days to serve Defendants individually and direct the Marshals to effect service.

_____
Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Gary Callahan
#01628-196
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159-9000

CERTIFICATE OF SERVICE

The above certify that a true and correct copy of the foregoing was mailed first class mail, postage prepaid to the following counsel of record on 15 August 2006. Certified as true and correct in accordance with 28 U.S.C. § 1746.

Kenneth Wainstein
Rudolph Contreras
John Henault
555 4th Street NW
Washington, DC 20530