IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RODNEY DOGGETT, et al.,  §
    Plaintiffs  §
                §
v.                      §   Civil Action No. 06-0575(RBW)
                §
ALBERTO GONZALES, et al.,  §
    Defendants  §

PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS

Plaintiffs ask the Court to impose sanctions against Defendants for filing frivolous pleading in violation of Federal Rule Civil Procedure 11(b).

A. Introduction

1. Plaintiffs are Rodney Doggett, Russell Kaemmerling, Gary Callahan, and Brian Culwell, federal inmates residing at F.C.I. Seagoville, Texas. Defendants are Alberto Gonzales, U.S. Attorney General; F.James Sensenbrenner, U.S. Representative; Jay Apperson; Leonidas Meachum, Director, Administrative Office of the Courts; Donna Bucella, Director, Executive Office for the U.S. Attorneys; Johnny Sutton, Chuck Rosenberg, Paul K. Charlton and Gregory Miller, U.S. Attorneys; and Ricardo Hinojosa, Chairman, U.S. Sentencing Commission.

3. On August 8, 2006, Defendants, in their official capacity, (Defendants, individually, although served, have no[t filed any]

RECEIVED
AUG 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

responsive pleadings and have wholly defaulted) filed a motion seeking enlargement of time to file their answer and respond to Plaintiffs' complaint. The Court granted Defendants' first motion ex parte and extended Defendants' deadline to file their answer by an additional sixty (60) days. On August 8, 2006, Defendants filed yet another motion seeking more time to file their answer. In their second motion, Defendants again acknowledge they are responding only in their official capacity (Attorneys who signed the motions emphatically reiterate they do not represent the Defendants in their individual capacity). Unbelievably, Defendants allege they need more time because they cannot locate two former employees Plaintiffs have sued. Defendants have not withdrawn or modified their second motion for more time.

B. Argument

5. The Court may impose sanctions on an attorney or pro se party if he or she presents a pleading, written motion, or other paper for an improper purpose, such as to harass or cause unnecessary delay or expense. Fed.R.Civ.P. 11(b)(1). Defendants file their second motion for more time to file an answer to a Pro Se prisoner lawsuit, alleging, inter alia. that two Defendants, formerly with the DOJ, are no longer with the agency. Defendants contend "the agency is in the process of locating Defendants Donna Bucella and Chuck Rosenberg." Defendants were served with summons and a copy of Plaintiffs' complaint in April 2006. Not only have Defendants had adequate time to file their answer, they now assert for the first

time they cannot locate two Defendants as ostensible justification for their request for more time. Defendants, unbelievably, expect this Court to accept such ridiculous nonsense. Defendants have an incredible investigative arsenal at their disposal, including the F.B.I., and massive resources to respond to lawsuits. Plaintiffs are, however, pro se.

6. The Court may also impose sanctions on an attorney if he or she presents a pleading, written motion, or other paper that includes any of the following: (1) claims or defenses unsupported by existing law or by good-faith argument for a change in existing law; (2) allegations that do not have, or unlikely to have after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence. Fed.R.Civ.P. 11(b)(2)-(4).

7. Defendants' filing of their second motion for more time to file their answer to Plaintiffs' complaint violated Rule 11 because Defendants filed the document for an improper purpose, mainly to harass or otherwise to cause an unnecessary delay. Indeed, Defendants filed their first motion and their second motion for more time solely for dilatory reasons so they would later move the Court for dismissal of Plaintiff's complaints against Defendants individually by alleging such Defendants were not served within 120 days of filing the complaint and obtaining summons. Indeed, Attorneys for Defendants, who have explicitly acknowledged they do not represent the Defendants individually, nonetheless expect this Court to enter orders for continued unnecessary delay of Plaintiffs'

desire to litigate their complaint. The irony should not be lost on this Court: in a complaint alleging violation of right of access to the courts, Defendants' conduct with their dilatory motions, continue to deny, thwart and block Plaintiff's access to the courts.

8. Defendants' second motion also violated Rule 11 because the document contains factual contentions that wholly lack evidentiary support. Indeed, the motion lacks any support whatsoever. The Court should sanction all three of Defendants' attorneys who signed the motion. Defendants contend Defendants have not been served in their individual capacities (Plaintiffs dispute this contention). Defendants allege because they have not been served they "have not had time to submit requests to (sic) Torts Branch for DOJ representation." Defendants' contention is disingenuous; Defendants, officially and individually, received actual notice of Plaintiffs' suit in April 2006. Defendants have certainly had sufficient time to secure representation, file their motions and answers. Furthermore, the attorneys who signed the second motin have no standing to seek court orders for parties they concede they do not represent.

9. Before imposing sanctions, the Court should determine whether the party or the attorney made a reasonable inquiry into the facts or law before signing and presenting the offensive document. See Fed.R.Civ.P. 11(b); Sheets v. Yamaha Motors Corp., 891 F.2d 533, 538 (5th Cir. 1990).

10. The Court should impose sanctions against Defendants' attorneys

because they did not make any reasonable inquiry into the facts before filing the motions for more time to file their answer. While the Court can evaluate the Defendants' time for investigation; the attorneys' reliance on clients for facts; and any factual or legal complexities of the case, this case presents no such compelling factors to justify the attorney's violation of Rule 11.

11. The Court should impose the following sanctions: monetary sanctions against all three attorneys who signed the motion and strike the pleadings. Plaintiffs' request for sanctions, ostensibly, should be sufficient to deter repetition of the sanctionable conduct. Fed.r.Civ.P. 11(c)(2).

C. Conclusion

12. For these reasons, Plaintiffs ask the Court to impose sanctions against Defendants' attorneys.

_____
Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Gary Callahan
#01628-196
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159-9000

CERTIFICATE OF SERVICE

The above certify that a true and correct copy of the foregoing was mailed first class mail, postage prepaid to the following counsel of record on 15 August 2006. Certified as true and correct in accordance with 28 U.S.C. § 1746.

Kenneth Wainstein
Rudolph Contreras
John Henault
555 4th Street NW
Washington, DC 20530