UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODNEY DOGGETT**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 06-0575 (RBW) |
| ) | |
| v. ) | |
| ) | |
| **ALBERTO GONZALES**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
### FOR EXTENSION OF TIME TO SERVE DEFENDANTS

Federal Defendants, Alberto Gonzales, James Sensenbrenner, Jay Apperson, Leonidas Mecham, Donna Bucella, Johnny Sutton, Chuck Rosenberg, and Judge Ricardo H. Hinojosa, through counsel, hereby oppose Plaintiffs' Motion for Extension of Time to Serve Defendants.[1] See Docket No. 8.

### DISCUSSION

As stated previously in Defendants' Opposition to Plaintiffs' Motion for Default Judgment, plaintiffs filed their complaint on March 29, 2006. Plaintiffs sued Alberto Gonzales, James Sensenbrenner, Jay Apperson, Leonidas Mecham, Donna Bucella, Johnny Sutton, Chuck Rosenberg, Paul Charlton, Gregory Miller, and Judge Ricardo H. Hinojosa, in their individual and official capacities. See Docket No. 1. This Court denied plaintiffs' motion for default judgment on June

---

[1] In making this opposition to plaintiffs' motion for extension of time, the defendants Alberto Gonzales, James Sensenbrenner, Jay Apperson, Leonidas Mecham, Donna Bucella, Johnny Sutton, Chuck Rosenberg, and Judge Ricardo H. Hinojosa do not waive any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit. Additionally, it appears that defendants Paul Charlton, Gregory Miller have been voluntarily dismissed from this case and thus, do not appear in this motion.

30, 2006 and granted defendants an extension of time to file an answer or otherwise respond to the complaint until September 16, 2006. In defendants' motion for extension of time, it was noted that none of the federal defendants, sued in their individual capacities, had yet been properly served pursuant to Fed. R. Civ. P. 4(i)(1). To date, those federal defendants remain unserved.

Plaintiffs' current motion for an extension of time to serve the defendants incorrectly states that the federal defendants have been served in their individual capacities. Plaintiffs incorrectly indicate that service via certified mail to defendants' place of employment satisfied the requirements of Fed. R. Civ. P. 4. Plaintiffs have failed to establish any legal or factual basis establishing proper service against any of the individual defendants.

It is well-established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must also be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) requires that a copy of a summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. See Fed. R. Civ. P. 4(e) and 4(i)(2)(B).

Plaintiffs have not properly served any of the individually-named federal defendants at their dwelling house or usual place of abode. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980). The service of process thus being defective as to the defendants in their individual capacity, this action cannot proceed against them personally. Micklaus v. Carlson, 632 F.2d 227, 240 (3rd Cir. 1980); Griffith v. Nixon, 518 F.2d 1195, 1196 (2d Cir. 1985), cert.

denied, 423 U.S. 995 (1975).

The complaint does not include the personal addresses of the defendants. The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987). A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of proper service of process. Barmes v. Nolan, 123 Fed. Appx. 238, 249 (7th Cir. 2005). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. Clariett v. Rice, No. 04-2250, 2005 WL 3211694, at p. 4 (D.D.C. Oct. 18, 2005); Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). Therefore, plaintiffs' request that this Court order the U.S. Marshalls Service to locate the defendants' home addresses and effect service upon them is unwarranted.

In a Bivens action, the defendants must be personally served as individuals in order for a court to have jurisdiction over them. Simpkins v. Dist. of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997). The failure to effect individual service is fatal to a Bivens claim. Freeman v. Fallin, 210 F.R.D. 255, 256 (D.D.C. 2002); Pollack v. Meese, 737 F. Supp. 663, 666 (D.D.C. 1990). Here, it is undisputed that defendants have not been properly served under Rule 4(e).

Plaintiffs have also not complied with the time limits of Rule 4(m) of the Federal Rules of Civil Procedure. That rule provides that the summons and complaint must be served on a defendant within 120 days after the filing of the complaint or the court "shall dismiss the action without prejudice" as to that defendant. Fed. R. Civ. P. 4(m). The plaintiff bears the burden of showing good cause for failure to effect timely service. Fed. R. Civ. P. 4(m); Byrd v. Dist. of Columbia, 230 F.R.D. 56, 59 (D.D.C. 2005); Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 3 (D.D.C. 2004).

More than 120 days have passed since the complaint was filed. Plaintiffs' deadline to effect service was July 29, 2006. Plaintiffs have failed to demonstrate good cause for their failure to effect service in a timely manner. The fact that employees of the federal government are hesitant to provide their home addresses to plaintiffs does not constitute good cause. Were this reason to be accepted by the courts, no plaintiff, *pro se* prisoner or otherwise, would ever have to properly adhere to the requirements of Fed. R. Civ. P. 4. Ignorance of the rules of procedure does not constitute good cause. Whitehead, 221 F.R.D. at 3. Moreover, if any extension were to be granted by this Court, it is unlikely that plaintiffs could remedy the defect in service upon the defendants. Although *pro se* litigants are given more latitude than represented parties to correct defects in service of process, see Moore v. Agency for Int'l Dev., 994 F.2d 874, 875 (D.C. Cir. 1993), plaintiffs have unsuccessfully sought the residential addresses of defendants for over six months. Additional time will not assist the plaintiffs. Therefore, the claims against the federal defendants in their individual capacities, are subject to dismissal without prejudice pursuant to Rules 4(e) and 4(m).

Where service of process is insufficient, any judgment in the case would subsequently be invalid because the court lacks jurisdiction over the parties, and therefore, has no power to enter a judgment. Mobern Elec. Corp. v. Walsh, 197 F.R.D. 196, 198 (D.D.C. 2000); see also Combs v. Nick Garin Trucking, 825 F.2d 437, 441 n. 31 (D.C. Cir. 1987).

Therefore, because none of the federal defendants have been properly served in their individual capacity, defendants respectfully request that plaintiffs' motion for an extension of time to serve defendants be denied and that all claims against the federal defendants in their individual capacities be dismissed.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

## Certificate of Service

I certify I caused copies of the foregoing Defendants' Opposition to Plaintiffs' Motion for Extension of Time to Serve Defendants to be served by first class mail upon *pro se* plaintiffs at:

Rodney Doggett
Reg. No. 83059-080
P.O. Box 9000
Seagoville, TX 75159

Gary Callahan
Reg. No. 01628-196
P.O. Box 9000
Seagoville, TX 75159

Russell Kaemmerling
Reg. No. 04899-017
P.O. Box 9000
Seagoville, TX 75159

Brian Culwell
Reg. No. 66552-079
P.O. Box 9000
Seagoville, TX 75159

on this 28th day of August, 2006.

                                              /s/
                                        JOHN HENAULT, D.C. BAR # 472590
                                        Assistant United States Attorney