UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RODNEY DOGGETT, et al.,
Plaintiff

v.                                              Cause No.: 06-0575 (RBW)

ALBERTO GONZALES, et al
Defendant

**RECEIVED**

**SEP 1 4 2006**

MOTION REQUIRING BUREAU OF PRISONS
PROVIDE ACCESS TO ELECTRONIC LEGAL LIBRARY

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiffs in the instant case come to this Honorable Court requesting an order requiring the Defendant, Department of Justice, through its agency the Bureau of Prisons (BOP) to provide access to unpublished cases, other electronically available cases related to this case, and the research associated with them.

Plaintiffs filed suit against Defendants on March 29, 2006, seeking declaration that the Anti-terrorism and Effective Death Penalty Act is unconstitutional based on its denial of our access to the courts, and judgment against the named Defendants for their role in a conspiracy to deny our access to the courts on procedural grounds without ruling on the merits of the individual cases. The Defendants have sought, and received, two extensions of time to answer the suit. Their answer is due September 16, 2006.

In filing a response to a Motion for Sanctions the Government cited as authority six cases which Plaintiffs currently cannot access: Barmes v. Nolan, 123 Fed.Appx. 238 (7th Cir. 2005); Clariette v. Rice, 2005 WL 3211694 (D.D.C. Oct. 18, 2005); Freeman v. Fallin, 210 F.R.D. 255 (D.D.C. 2002); Byrd v. Dist. of Columbia, 230 F.R.D. 56 (D.D.C. 2005); Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1 (D.D.C. 2004); Mobern Elec. Corp. v. Walsh, 197 F.R.D. 196 (D.D.C. 2000). Plaintiffs have no access, nor research capability, due to the limited nature of the institutional law library. The institutional law library provides no access

1

to unpublished cases, cases published electronically, any Supreme Court case published in the first Lawyer's Edition, Federal Reporter Second Edition prior to volume 267, the Federal Rules of Decision, or the Federal Appendix.

Immediately upon receipt of the Government's response, Plaintiffs submitted a request to the BOP staff for the unavailable cases citing the immediate need based on filing deadlines. As of Wednesday, September 6, the request has been neither honored, or denied, but rather ignored. This is part of a continuing effort on the part of Defendants working in concert to deny meaningful access to the courts.

Plaintiff Kaemmerling is currently involved in the administrative remedy process seeking installation of electronic access to legal research as a part of the prison library. The request is based in part on the change in the Federal Rules of Appellate Procedure, Rule 32.1, by the United States Supreme Court allowing the use of unpublished and electronically published cases in all federal litigation. This rule change is to take effect January 1, 2007.

In order to ensure meaningful access to the courts, Plaintiff Kaemmerling brought this to the attention of BOP staff now, allowing an adequate amount of time for arrangements to be made, equipment to be installed, etc. On August 28, Plaintiff Kaemmerling received an answer to his second submission, of a four submission process, in the administrative remedies process. In that response, Warden Joslin denied the request citing BOP Program Statement 1315.04 stating the BOP was not required to provide such access. A copy of the request and response is attached. (See Exhibit A.)

If Plaintiffs are required to wait for a bureaucracy to change its policy, which typically moves at a snail's pace, Plaintiffs may be irreparably harmed. Filing deadlines are critical and not subject to delays such as administrative

remedies would demand. The administrative remedies process in this case is one tool at the disposal of the Defendants to deny meaningful access to the courts.

The fact remains that the Rules of Appellate Procedure change January 1, 2007. In the interim many courts, apparently including the District Court for the District of Columbia, consider unpublished cases in pleadings such as the Government's response in the instant case. In expressing her views on the suppressing of cases, former D.C. Circuit Judge Patricia Wald said it will, "increase the nonuniformity, allow difficult issues to be swept under the carpet, and result in a body of 'secret law' practically inaccessible to many lawyers." If inaccessible to lawyers." If inaccessible to lawyers they are surely inaccessible to pro se litigants.

This leaves Plaintiffs at a distinct disadvantage by not having the opportunity to read and analyze the cases to adequately respond to Defendants' arguments. Though every opinion is accessible on legal databases, the playing field is not level when litigants such as the Government have greater resources to perform exhaustive legal research than disadvantaged, pro se litigants such as Plaintiffs. This disparity has an easy and non-burdensome resolution.

Typically, in litigation, a party is not required to furnish research, or case law, to an opposing party. Plaintiffs, pro se litigants, are of course incarcerated at the "mercy" of the Defendants, specifically the Bureau of Prisons, who have access to the entirety of available and relevant case law. Plaintiffs are left with a choice: obtain the cases by court order, or obtain them from Defendants.

Plaintiffs ask Defendants to provide Plaintiffs with a copy of the cases, or a means to obtain them via electronic databases. Defendants ignored our request.

Defendants actions in denying Plaintiffs access to electronic means to obtain critical cases Defendants cite, or refusing to provide copies, are unjust.

3

Finally, of course, Defendants' actions are essentially retaliatory and further an intentional denial of meaningful access to the courts to enhance Defendants' position at the expense of the Plaintiffs.

## CONCLUSION

Plaintiffs request the Court issue an order requiring the, Bureau of Prisons, to provide all unpublished and electronically published cases plus and ability to research the cases. Plaintiffs only seek fairness in the process of protecting their Constitutional rights. With internet access currently available on all BOP computers it will impose no unjust burden on the Bureau of Prisons and will involve only the establishment of a commercial relationship with one of the database providers.

Respectfully submitted,

_____
Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Gary Callahan
#01628-196
P. O. Box 9000
Seagoville, TX 75159-9000

_____
Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159-9000