# EXHIBIT A

In a May 22, 2006 news release, the "National Law Journal" reported on a recent change in the Rules of Appellate Procedure, Rule 32.1, as adopted by the United States Supreme Court. (Copy attached) This monumental change in appellate procedure will, as of January 1, 2007, authorize the previously disallowed citing to unpublished cases in all court pleadings in all circuits. These "unpublished" cases are accessible only through computer/internet based research.

As of January 1, any inmate involved in any criminal, or civil, litigation will be subject to answering pleadings which will cite to cases we, at FCI-Seagoville, currently cannot access due to the lack of computer research capability. It is conceivable, for example, that a government response, which requires a reply from the appellant, would only contain unpublished cases. The ability to construct an adequate rebuttal argument is dependent upon being able to read and analyze the entire case. Again, the only means of accessing unpublished cases is via computer/internet based research, capabilities that are not currently available to FCI-Seagoville inmates. Not having access to all cases is presumptively an unconstitutional denial of access to the courts and a violation of due process.

Another related issue is that state and federal courts, in adopting modern office procedures and as a cost cutting measure, are aggressively moving toward procedures whereby all court notices and orders are available <u>only</u> via electronic transmission, either by fax, or internet. One inmate has already received notice, from the United States District Court in New Mexico, which verifies this. That court has already set a date when it will no longer send out written court orders (rulings.) For pro se litigants at FCI-Seagoville, without computer access, this means they could be subject to a procedural default for failure to file a response without even being aware an order had been issued. For example, a Rule 59 Motion <u>must</u> be filed within 10 days of the order, or the opportunity to file is waived. The same is true on many appeals procedures. Pro se inmates will find themselves in a position of being denied meaningful access to the courts with the result that they would procedurally default and be further barred from the court. It is only a matter of time before all federal courts make that move. The only solution available at this time is computer based tracking of cases through a service such as PACER.

With inmates involved in appeals subject to the effects of the rule change as of January 1, 2007, it will be necessary to have a computer based system to conduct adequate accessing of unpublished cases and research in place prior to that date. Time should be allowed for acquisition, installation, clearing/authorizing inmates to have access and the learning of the system, to take place.

The Paralegal Law Clerks are seeing a rapidly growing trend of many courts adapting to current technology and these procedures. Our efforts to assist fellow inmates, who often lack the financial resources to retain outside legal counsel, is being hindered and very soon will be highly restricted and/or non-existent.

Knowing cost is an issue in any bureaucratic environment, it should be noted that the cost of books currently required to keep the library up to standard will no longer be necessary once computer research is provided. That reduction in expenditure should more than offset the cost of entry into and maintenance of the legal research system. It is realized that policies and procedures will have to be established prior to implementation.

Specifically, what is the anticipated schedule for F.C.I. - Seagoville to make the necessary adjustment and meet this coming requirement?

KAEMMERLING, Russell					FCI Seagoville, Texas
Register No.: 04899-017
Remedy No.: 421083-F1

This is in response to your request for Administrative Remedy receipted on July 25, 2006, in which you state that FCI Seagoville inmates are being denied access to an electronic filing system and legal materials available only through the internet. You request staff implement policies allowing inmate access to these computer-based systems.

A review of the institution Law Library reveals that legal materials provided to inmates are in compliance with the requirements of Program Statement 1315.07, Legal Activities, Inmates. In the event that national policy regarding inmates' access to computer-based systems changes, FCI Seagoville will institute the necessary procedures to ensure compliance.

Based on the above information, the relief you seek is denied.

If you are not satisfied with this response, you may appeal to the South Central Regional Director, 4211 Cedar Springs Road, Suite 300, Dallas, Texas, 75219, via BP-DIR-10, within 20 calendar days of the date of this response.

_____			_____
Dan Joslin, Warden				8/22/06    Date