# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RODNEY DOGGETT**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: 06-0575 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALBERTO GONZALES**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Federal Defendants, United States Attorney General Alberto Gonzales; United States

Congressman James Sensenbrenner; Jay Apperson[1]; James C. Duff, Director, Administrative

Office of the U.S. Courts[2]; Leonidas R. Mecham, Former Director, Administrative Office of the

U.S. Courts; Mike A. Battle[3], Director, Executive Office for the U.S. Attorneys; Johnny Sutton,

U.S. Attorney for the Western District of Texas; Donald J. DeGabrielle, Jr.[4], U.S. Attorney for

the Southern District of Texas; Paul K. Charlton, U.S. Attorney for Arizona; Gregory Miller,

U.S. Attorney for the Northern District of Florida; and United States District Judge Ricardo H.

Hinojosa, Chairman, United States Sentencing Commission, by and through undersigned

---

[1] Jay Apperson is a former Chief Counsel of the Judiciary Subcommittee on Crime, Terrorism and Homeland Security.

[2] James C. Duff has been substituted for Leonidas R. Mecham in official capacity only as the current Director of the Administrative Office of the U.S. Courts.

[3] Mike A. Battle has been substituted for Donna Bucella in official capacity only as the current Director of the Executive Office of U.S. Attorneys.

[4] Donald J. DeGabrielle, Jr. has been substituted for Charles Rosenberg (current U.S. Attorney for E.D. Virginia) in official capacity only as the U.S. Attorney for the Southern District of Texas.

counsel, hereby respectfully move, pursuant to Fed. R. Civ. P. 12 (b)(1), (5), and (6), for

dismissal of this action for lack of subject matter jurisdiction, insufficiency of process, and

failure to state a claim upon which relief may be granted.[5]

In support of this motion, the Court is respectfully referred to the accompanying

Memorandum of Points and Authorities.  A proposed Order consistent with the relief sought

herein is attached.

---

[5]  Defendants Alberto Gonzales, James Sensenbrenner, Jay Apperson, Leonidas Mecham, Mike A. Battle, Johnny Sutton, Donald DeGabrielle, Jr., Paul K. Charlton, Gregory Miller, and Judge Ricardo H. Hinojosa appear in their official capacities only.  None of these defendants have been served personally and do not appear to be party in their personal capacity at this time. Defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

Defendants Paul Charlton and Gregory Miller have not been served in either their official or individual capacity and do not appear to be parties to this case at this time.  Plaintiffs have filed motions to voluntarily dismiss them from the case.

Donna Bucella is no longer employed by her respective agency and has been substituted in her official capacity pursuant to Fed. R. Civ. Proc. 25(d).  Chuck Rosenberg, now the current U.S. Attorney in the Eastern District of Virginia has also been substituted in his official capacity. Service has not been made upon these individuals in their individual capacity and they do not appear to be party in their personal capacity at this time.

Respectfully submitted,


___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


___/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|   |   |   |
|---|---|---|
| **RODNEY DOGGETT**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: 06-0575 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALBERTO GONZALES**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants hereby submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(5), and 12(b)(6).

### INTRODUCTION

Plaintiffs, *pro se* in this action, are federal inmates Rodney Doggett, Reg. No. 83059-080; Russell Kaemmerling, Reg. No. 04899-017; Gary Callahan, Reg. No. 01628-196; and Brian Culwell, Reg. No. 66552-079, all of whom are presently incarcerated at the Federal Correctional Institution ("FCI") Seagoville in Seagoville, Texas.  See (SENTRY Public Information Inmate Data).

**Factual and Procedural Background**

Plaintiffs filed this current action on March 29, 2006 pursuant to 42 U.S.C. § 1983 et seq. and implicitly Bivens.[6]  See Compl.  Plaintiffs allege that defendants violated their constitutional rights under the First, Fourth, Fifth, and Sixth Amendments, including their rights to due process and access to the courts, because they have no avenue to seek redress of the claim that their sentences,

_____

[6] Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

along with "tens of thousands of other prisoners", are unconstitutional in light of the ruling in U.S. v. Booker, 543 U.S. 220 (2005). See Compl. p. 14. Plaintiffs also allege that their rights were violated under Article IV, section 2 (the Privilege and Immunities Clause) of the U.S. Constitution. See Compl. p. 2.

Plaintiffs have sued the following federal defendants in their individual and official capacities: United States Attorney General Alberto Gonzales; United States Congressman James Sensenbrenner; Jay Apperson; Leonidas R. Mecham, Former Director, Administrative Office of the U.S. Courts; Donna Bucella, Director, Executive Office for the U.S. Attorneys; Johnny Sutton, U.S. Attorney for the Western District of Texas; Chuck Rosenberg, U.S. Attorney for the Southern District of Texas; Paul Charlton, U.S. Attorney for Arizona; Gregory Miller, U.S. Attorney for the Northern District of Florida; and United States District Judge Ricardo H. Hinojosa, Chairman, United States Sentencing Commission. As stated previously, Mike Battle has been substituted for Donna Bucella in his official capacity as the current Director of the Executive Office of the U.S. Attorneys, and Donald DeGabrielle, Jr. has been substituted for Charles Rosenberg in his official capacity as the current U.S. Attorney for the Southern District of Texas. Additionally, plaintiffs have filed a motion to voluntarily dismiss defendants Paul Charlton and Gregory Miller from the case. None of the federal defendants, including present or former employees, have been personally served in their individual capacities in this suit at this time.

Plaintiffs' complaint contains vague, unclear generalizations regarding plaintiffs' alleged denial of rightful access to the courts. Plaintiffs appear to allege the following specific acts against three of the defendants: (1) that defendant Sensenbrenner and Apperson furthered a conspiracy to violate the constitutional rights of plaintiffs through intimidation; and (2) that Attorney General

Alberto Gonzales failed to prevent the alleged conspiracy.  See Compl. at 74, 76, and 79.

The rest of the defendants are never mentioned by name, nor are they assigned specific conduct which would have resulted in a deprivation of plaintiffs' constitutional rights.  For example, Judge Hinojosa appears to be named as defendant solely by virtue of his position as Chair of the United States Sentencing Commission.  Defendant Mecham appears to be named solely by virtue of his alleged duty of supervising all administrative matters relating to the United States Courts. Defendant Battle appears to be named solely by virtue of his position as Director of the Executive Office of the U.S. Attorneys.  All of the other United States Attorneys, including Sutton, DeGabrielle, Charlton, and Miller appear to be named as a result of their position as the U.S. Attorney for the state in which the plaintiffs were convicted.

According to the plaintiffs, the actions of the named federal defendants have violated plaintiffs' Constitutional rights, including their right to due process of law and access to the courts. They further allege that these "violations" give rise to causes of action under 42 U.S. C. §§ 1983 et seq. and, implicitly, under Bivens.  As relief, plaintiffs request compensatory and punitive damages. Plaintiffs request $1 million dollars from each federal employee.

Plaintiffs' complaint should be dismissed in its entirety.  The reasons for this dismissal include the following:

1.    Plaintiffs fail to state a claim within the jurisdiction of this Court;

2.    All Federal defendants to this action enjoy absolute immunity;

3.    Plaintiffs have failed to effect proper service on the defendants; and

4.    There is no subject matter jurisdiction.

Although the complaint lists four plaintiffs, the only plaintiff mentioned in the complaint is

3

Rodney Doggett.  Plaintiff Doggett was convicted of possession of methamphetamine with intent to distribute and conspiracy in the United States District Court for the Western District of Texas. See United States v. Doggett, 230 F.3d 160 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001). In that case, Doggett and another prisoner argued that the amount of drugs involved in the case, which was used for sentencing enhancement purposes, was an element of the offense that should have been presented to the jury.  Id. at 163.  Doggett effectively raised a constitutional objection to his sentence during the sentencing hearing and preserved error on this issue.  Id. at 165.  The Fifth Circuit then addressed the constitutionality of treating drug quantities as a sentencing factor rather than as an element of the underlying crime.  Id.

Applying the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court held that Doggett's sentence was not impermissibly enhanced by the court's finding of the quantity of drugs and therefore, affirmed his sentence.  Id.  Doggett's term of imprisonment, 235 months, was not affected by Apprendi because it did not exceed the statutory maximum authorized by the jury's findings.  Id.  Doggett was sentenced under § 841 (b)(1)(C), which provided a maximum of twenty years for the manufacture of a Schedule II controlled substance.  Id.  Doggett's sentence therefore, was not enhanced beyond the statutory maximum by a factor not contained in the indictment or submitted to the jury.  Id.

The decision in Apprendi was specifically limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines.  Apprendi, 120 S. Ct. at 2363-64.

4

I.    **Standard of Review**

A.    **Requests for Dismissal**

Defendants move for dismissal of plaintiffs' complaint under Rule 12(b)(1), lack of subject matter jurisdiction, 12(b)(5), insufficiency of service of process, and 12(b)(6), failure to state a claim.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999). In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). The court need not, however, accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). From the facts alleged in the complaint in this case, plaintiffs can prove no set of facts that would entitle them to relief.

II.  **Argument**

A.    **Claims Against the Judicial Branch Employees Are Barred by Absolute Immunity**

Any claim that plaintiffs may be seeking to assert against members of the judicial branch and judicial branch employees are barred by absolute judicial immunity. This includes defendants Leonidas R. Mecham, Former Director, Administrative Office of the U.S. Courts and

United States District Judge Ricardo H. Hinojosa, Chairman, United States Sentencing Commission.

A Judge performing a "judicial act" is protected by absolute immunity from suit unless there is a "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-59 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-74 (10th Cir.), cert. denied, 498 U.S. 999 (1990); Chambers, 120 F.R.D. at 3 n.6; Miller v. Johnson, 541 F. Supp. 1165, 1175-77 (D.D.C. 1982); Moore v. Burger, 655 F.2d 1265, 1266 (D.C. Cir. 1981).

Protected judicial acts are identified by considering "the nature of the act itself, i.e., whether it is normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. Plaintiffs' allegations involving the judges identified as defendants in the complaint make clear that the judges are sued by virtue of action taken by them in their judicial capacity.

To the extent that defendant Mecham was named because of his status as Former Director of the Administrative Office of the U.S. Courts, he is also entitled to absolute immunity on those grounds. Moore v. Motz, 437 F. Supp. 2d 88, 91-92 (D.D.C. 2006); Sharma v. Stevas, 790 F.2d 1486 (D.C. Cir. 1986) (Clerk of the Supreme Court has absolute quasi-judicial immunity because of his challenged activities were an integral part of the judicial process); see also Morrison v. Jones, 607 F.2d 1269 (9th Cir. 1979) (quoting Denman v. Leedy, 479 F.2d 1097 (6th Cir. 1973); Smith v. Rosenbaum, 460 F.2d 1019 (3d Cir. 1972); Schuman v. State of California, 584 F.2d 868 (9th Cir. 1978); Gillibeau v. City of Richmond, 417 F.2d 426, 429 n.4 (9th Cir. 1969); and Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969)).

Because defendants Hinojosa and Mecham are entitled to absolute immunity as a result of

6

actions they took in their capacity as employees of the judicial branch, these defendants should be dismissed from this suit.

**B.      Claims Against the Department of Justice Employees Are Barred By Absolute Immunity**

Similarly, the Department of Justice attorneys Johnny Sutton, Donald DeGabrielle, Jr., Paul Charlton, Gregory Miller, and Mike Battle against whom plaintiffs seek to affix liability, are entitled to absolute immunity for claims arising from their official duties. For most officials, immunity is qualified rather than absolute when the claim is based on the Constitution. Butz v. Economou, 438 U.S. 478 (1978). However, there are some officials whose special functions require absolute immunity regardless of the nature of the alleged violation.

The Supreme Court has long recognized an absolute immunity for prosecutors from personal liability for actions related to the performance of their public duties. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Yaselli v. Goff, 275 U.S. 503 (1927). In Yaselli v. Goff, the Court held that a prosecutor could not be sued for malicious prosecution. Later, in Imbler v. Pachtman, 424 U.S. 409, 420 (1976), the Supreme Court held that this absolute immunity barred constitutional tort claims. The Court reasoned:

> The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

Id. at 422-23. The Court also stressed that there were substantial checks against abuse. Aside from the prospect of criminal sanctions for willful deprivations of constitutional rights, "a prosecutor stands perhaps unique, among officials whose acts could deprive persons of

constitutional rights, in his amenability to professional discipline by an association of his peers."
Id. at 429.

The prosecutor's immunity extends to any activities that are "intimately associated with the judicial phase of the criminal process." Id. at 430. This includes "initiating a prosecution" and "presenting the . . . case." Id. at 431. Indeed, the Supreme Court has reiterated this concept in Burns v. Reed, 500 U.S. 478 (1991), wherein it held that a prosecutor is entitled to absolute immunity for participating in probable cause hearing which led to the issuance of a search warrant. The Court's opinion in Imbler leaves no doubt about its intent to cloak all advocatory functions with immunity:

> [S]uits that survived the pleadings would pose substantial danger of liability even to the honest prosecutor. The prosecutor's possible knowledge of a witness' falsehoods, the materiality of evidence not revealed to the defense, the propriety of a closing argument, and--ultimately in every case--the likelihood that prosecutorial misconduct so infected a trial as to deny due process, are typical of issues with which judges struggle in actions for post-trial relief, sometimes to differing conclusions.

Id. at 425; accord Burns v. Reed, 500 U.S. at 492.

Courts have applied immunity to cloak every aspect of the criminal prosecution, from grand jury proceedings to plea bargains and appeals. Absolute immunity has been held to apply to presenting evidence before a grand jury, Morrison v. Baton Rouge, 761 F.2d 242, 247-48 (5th Cir. 1985); see Burns, 500 U.S. at 490 and n.6; to reckless prosecution based on inadequate investigation, Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); threatening criminal prosecution, Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987); obtaining criminal complaints and warrants based on false or coerced statements, Joseph v. Patterson, 795 F.2d 549, 555 (6th Cir. 1986); Burns, supra; advocating a position on bail, Lerwill v. Joslin, 712 F.2d 435,

438-39 (10th Cir. 1983); striking a deal with defense counsel to obtain evidence, Krohn v. United States, 742 F.2d 24, 30 (1st Cir. 1984); destruction and falsification of evidence, Heidelberg v. Hammer, 577 F.2d 429, 432 (7th Cir. 1978); securing the attendance of witnesses and the accused at trial, Hamilton v. Daley, 777 F.2d 1207, 1213 (7th Cir. 1985); agreeing to dismiss charges in return for dropping civil action, McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); and misconduct in the plea arrangement process, Myers v. Morris, 810 F.2d at 1446.

Indeed, the Court of Appeals in this Circuit has concluded that absolute immunity bars, inter alia, claims that prosecutors failed to present exculpatory evidence to grand jury and did present false testimony.  See Gray v. Bell, 712 F.2d 490, 494, 502 (D.C. Cir. 1983).  That Court has also held that prosecutorial immunity protects the prosecutor from liability for allegedly concealing exculpatory evidence from the grand jury and for allegedly manipulating evidence before the grand jury, as well as for allegedly withholding after indictment material evidence that is exculpatory.  Moore v. Valder, 65 F.3d 189, 192-94 (D.C. Cir. 1995); Sims, 29 F. Supp. 2d at 959 (absolute immunity bars claims that prosecutors used perjured testimony in the criminal prosecution).[7]

Prosecutorial immunity applies to actions taken by government attorneys in civil actions as well.  See Schrob v. Catterson, 948 F.2d 1402, 1411-12 (3d Cir. 1991) (absolute immunity is extended to officials when their duties are functionally analogous to those of a prosecutor, regardless of whether those duties are performed in the course of a civil or criminal action); Duerscherl v. Foley, 681 F. Supp. 1364, 1368 (D.C. Minn.), aff'd mem., 845 F.2d 1027 (8th Cir.

---

[7]  Plaintiffs do not allege acts that would fall outside of those protected by such absolute immunity.  Cf. Moore, 65 F.3d at 195.

1988) (County attorney entitled to absolute immunity in proceeding with a paternity action);

Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986) (State's Attorney entitled

to absolute immunity for actions taken in executing foreclosure judgments); Coleman v. Federal

Intermediate Credit Bank, 600 F. Supp. 97, 101 (D.C. Or. 1984) (absolute prosecutorial

immunity available to government attorneys who made decision to have credit association

declared insolvent).

  As the scope and breadth of these decisions indicate, courts are in general agreement that

absolute immunity must be applied liberally when claims are asserted against government

attorneys for actions they have taken in carrying out their public responsibilities in the course of

the judicial process.  None of the alleged actions of Department of Justice attorneys are outside

of the fundamental responsibilities as an advocate for the government, and as such are cloaked

with the broad absolute immunity delineated in the above cases.

  If the Court should conclude for any reason that the Department of Justice attorneys are

not entitled to absolute immunity, then they are nevertheless entitled to qualified immunity.

Burns, 111 S. Ct. at 1939.  In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court held

that federal officers are "shielded from liability for civil damages insofar as their conduct does

not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." Id. at 818; accord Conn v. Gabbert, 119 S. Ct. 1292, 1295 (1999);

Crawford-El v. Brittin, 523 U.S. 574 (1998); McSurley v. McClellan, 697 F.2d 309, 316 (D.C.

Cir. 1982); Krohn v. United States, 742 F.2d 24 (1st Cir. 1984); Davis v. Scherer, 486 U.S. 183,

191 (1984).  The relevant inquiry is whether the defendant's alleged actions violated any clearly

established law or were objectively reasonable.  Anderson v. Creighton, 483 U.S. 635, 637

(1987); <u>Martin v. Malhoyt</u>, 830 F.2d 237, 253 (D.C. Cir. 1987); <u>see also</u> <u>Butz v. Economou</u>, 438 U.S. 478 (1978); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 244-45 (1974).  As the Supreme Court explained, qualified immunity protects from suit "all but the plainly incompetent or those who knowingly violate the law." <u>Briggs v. Malley</u>, 475 U.S. 335, 341 (1986).

Plaintiffs' complaint fails to state a claim of a violation of a clearly established right by any Department of Justice attorney and all of the Department of Justice attorneys should be dismissed on the basis of qualified immunity, if the Court finds that they are not shielded by absolute immunity.

### C.    Claims Against Defendants Sensenbrenner and Apperson Are Barred by Absolute Immunity

According to paragraphs 74 and 77 of plaintiffs' complaint, plaintiffs allege that U.S. Congressman James Sensenbrenner and Jay Apperson[8], in their official and individual capacities, have denied plaintiffs' right of access to the courts.  Specifically, plaintiffs allege that Congressman Sensenbrenner and Mr. Apperson have "furthered a conspiracy against the plaintiffs by interfering in the process of court action through intimidation, including all acts set forth herein." <u>See</u> Complaint ¶ 74.  Plaintiffs also allege access to the courts has been denied based on "overt acts" such as Congressman Sensenbrenner's "effort to influence the court in <u>U.S. v. Rivera</u>, 411 F.3d 864 (7th Cir. 2005).  <u>See</u> Complaint ¶ 77.  Plaintiffs reference a "letter to the Court" that "violates the separation of powers doctrine" and "illustrates the class animus directed at plaintiffs by government officials." <u>Id.</u>  Plaintiffs do not identify how they have standing to challenge a letter issued to the Court in a matter not involving them.

---

[8] <u>See</u> previous Footnote No. 1.

Regardless of the nonsensical ramblings of the plaintiffs, Congressman Sensenbrenner and Mr. Apperson are entitled to absolute immunity from suit under the United States Constitution's Speech or Debate Clause, U.S. Const. art. I, § 6. cl. 1.

The primary purposes of the Speech or Debate Clause's legislative immunity is to insure the independent performance of the legislative function and to preserve the separation of powers. See Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 502 (1975). To that end, the Speech or Debate Clause confers on members of Congress "immunity for all actions 'within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes.'" Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting Doe v. McMillan, 412 U.S. 306, 312-13 (1973)). Specifically, the Speech or Debate Clause shields legislators from lawsuits relating to legitimate legislative activities, as well as from being compelled to testify or provide other discovery in lawsuits brought by or against third parties. Id. at 418. Indeed, "[a] litigant does not have to name members or their staffs as parties to a suit in order to distract them from their legislative work. Discovery procedures can prove just as intrusive." MINPECO, S.A. v. Conticommodity Servs., Inc., 844 F.2d 856, 859 (D.C. Cir. 1988).

In determining whether legislative immunity applies, the critical question is whether the action at issue was undertaken within the "legislative sphere." Id. at 860. Specifically, "the protection extends to activity which is 'an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters' within their jurisdiction." Dominion Cogen, 878 F. Supp. at 263 (quoting Gravel v. United

12

States, 408 U.S. 606, 625 (1972)). "Among these activities is the acquiring of information, an activity that is a 'necessary concomitant of legislative conduct and thus should be within the ambit of the privilege so that [legislators] are able to discharge their duties properly.'" Id. (quoting McSurely v. McClellan, 553 F.2d 1277, 1286-87 (D.C. Cir. 1976). Accordingly, it has repeatedly been held that legislative investigations fall within the "legislative sphere" and, therefore, are shielded by the Speech and Debate Clause. See, e.g., Eastland, 421 U.S. at 504; Doe v. McMillan, 412 U.S. at 312; MINPECO, 844 F.2d at 860. To illustrate, "[t]he acts of authorizing an investigation ···, holding hearings ···, preparing a report ···, and authorizing the publication and distribution of that report were all 'integral part(s) of the deliberative and communicative processes····'" Doe v. McMillan, 412 U.S. at 312 (quoting Gravel, 408 U.S. at 625).

Although it is relatively unclear from the plaintiffs' complaint exactly what actions of Congressman Sensenbrenner or Mr. Apperson may have violated the rights of the plaintiffs, what is clear is that Congressman Sensenbrenner and Mr. Apperson's actions were undertaken pursuant to their legislative duties with the U.S. House of Representatives. As such, they are entitled to legislative immunity and any claims against them should be dismissed.

### D. Plaintiffs Have Not Perfected Service Against Defendants Charlton and Miller

In an action against a federal employee in his or her official capacity, a defendant must be served with process in accordance with Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure. Id. Rule 4(i)(2)(A) provides that service on an officer or employee of the United States sued in an official capacity, is effectuated by serving the United States in the manner prescribed by Rule

13

4(i)(1) **and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.**  In this case, defendants Paul Charlton and Gregory Miller were never served with a copy of the summons and complaint in their official (or individual) capacity.  According to plaintiffs' motion for default judgment, most of the federal defendants were served with a copy of the complaint via certified mail between the dates of April 10 - April 12, 2006.  See Docket No. 4.  The certified mail was addressed to the defendants' place of business.  See Docket No. 4, Pl.'s Ex. A.  There is no mention of service on defendants Miller and Charlton.

Plaintiffs have not satisfied the requirements of Rule 4(i) with regard to defendants Paul Charlton and Gregory Miller because these defendants have not been served with a copy of the summons and complaint at their place of employment or anywhere else via registered or certified mail.  As stated in Rule 4(m), if service of the summons and complaint is not made upon defendant within 120 days of the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiffs, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time.  Plaintiffs filed this action against the defendants on March 29, 2005.  The 120-day deadline expired on July 29, 2006.  Plaintiffs have since filed a motion for voluntary dismissal with regard to these two defendants in their individual and official capacities.  Therefore, these defendants should be dismissed.

**E.    Plaintiffs Have Not Perfected Service Against the Individual Federal Defendants**

None of the individual defendants in this action were properly served with the complaint in accordance with the rules applicable to individual defendants.  Simpkins v. District of

14

Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, plaintiffs appear to have served some of the individual defendants, in their official capacity only, at their place of employment. Service at the defendants' place of employment is not, however, proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants in their individual capacity should be dismissed.

The District Court will lack jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476,

15

488 (3d Cir. 1993); <u>Lensel Lopez v. Cordero</u>, 659 F. Supp. 889, 890 (P.R. 1987).  Therefore, if

that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of

process under Rule 12(b)(5).  Accordingly, claims against the individual defendants should be

dismissed.

### F.    *Respondeat Superior* Liability Is Not Available in <u>Bivens</u>

Defendants Alberto Gonzales, Ricardo Hinojosa, Leonidas Mecham, Mike Battle, Johnny

Sutton, Donald DeGabrielle, Jr., Paul Charlton, and Gregory Miller are not personally liable for

constitutional torts of employees they supervise under the doctrine of *respondeat superior*.

<u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Cameron v. Thornburgh</u>, 983

F.2d 253, 258 (D.C. Cir. 1993); <u>Meyer v. Reno</u>, 911 F. Supp. 11, 15 (D.D.C. 1996).  In <u>Cameron</u>,

the D.C. Circuit dismissed the Attorney General and Director from the suit because the complaint

failed to allege their personal involvement and was based solely "on the bare assumption" that

policy decisions in the District of Columbia influenced the prisoner's treatment in a federal

prison in Indiana.  <u>Id.</u> at 258.

In the <u>Meyer</u> case, 911 F. Supp. at 15, this Court discussed *respondeat superior* within

the context of federal inmate lawsuits:

> Absent any allegations that defendants Reno and Hawk personally participated in
> the events which gave rise to the plaintiff's claims, or any corroborative
> allegations to support the inference that these defendants had notice of or
> acquiesced in the improper securing of detainers against the plaintiff by their
> subordinates, dismissal is appropriate.  <u>See</u> <u>Haynesworth v. Miller</u>, 820 F.2d
> 1245, 1259 (D.C. Cir. 1987) (fellow government employees cannot be held liable
> under the theory of *respondeat superior* for either constitutional or common law
> torts); <u>Smith-Bey v. District of Columbia</u>, 546 F. Supp. 813, 814 (D.D.C. 1982)
> (same).  *Respondeat superior* has been consistently rejected as a basis for the
> imposition of § 1983 or <u>Bivens</u> liability.  <u>See, e.g.</u>, <u>Monell v. Dep't of Social
> Srvcs.</u>, 436 U.S. 658, 691 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Boykin

16

v. District of Columbia, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); and Tarpley v.
Greene, 684 F.2d 1, 9-11 (D.C. Cir. 1982).  Therefore, any potential § 1983 or
Bivens claims against these defendants, whose only relationship to the instant
litigation is their ultimate supervisory status, must be dismissed.

"Without a showing of direct responsibility for the improper action, liability will not lie against a

supervisory official.  A causal connection, or an affirmative link, between the misconduct

complained of and the official sued is necessary."  Wolf-Lillie v. Sonquist, 699 F.2d 864, 869

(7th Cir. 1983).  Individual liability for damages for violation of constitutional rights is

predicated upon personal responsibility.  Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984).

Plaintiffs make no allegations to support a claim against defendants Alberto Gonzales,

Ricardo Hinojosa, Leonidas Mecham, Mike Battle, Johnny Sutton, Donald DeGabrielle, Jr., Paul

Charlton, and Gregory Miller in their individual capacities.  Plaintiffs only vaguely claim that

defendants have denied them rightful access to the courts.  See Compl.  There is no allegation

that defendants Alberto Gonzales, Ricardo Hinojosa, Leonidas Mecham, Mike Battle, Johnny

Sutton, Donald DeGabrielle, Jr., Paul Charlton, or Gregory Miller participated in any decision or

approved of any policy that relates to this case.  Rather, just as in the Cameron case, the plaintiffs

seem to be basing their claim against these defendants in their individual capacity on an

assumption that based on their position, they bear responsibility for the acts of their subordinates.

This is an insufficient basis upon which to maintain a Bivens claim.  See Bivens v. Six Unknown

Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Therefore, defendants Alberto Gonzales, Ricardo Hinojosa, Leonidas Mecham, Mike

Battle, Johnny Sutton, Donald DeGabrielle, Jr., Paul Charlton, and Gregory Miller should be

17

dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure.

### G.    Defendant Officials May Not Be Sued for Damages In Their Official Capacities

To the extent that plaintiffs seek damages against individual defendants in their official capacities, their claims must be dismissed absent a waiver of sovereign immunity.  Meyer v. Reno,  911 F. Supp.11 (D.D.C. 1996); Marshall v. Reno,  915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995).  The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992).  Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984).  Plaintiffs' complaint does not contain any colorable basis for such a waiver.  Therefore, to the extent plaintiffs assert claims for damages against the defendants in their official capacities such claims must be dismissed for lack of subject matter jurisdiction.

### H.    Lack of Subject Matter Jurisdiction

The proper assertion of jurisdiction in a Bivens action is 28 U.S.C. §1331, which deals with federal question.  Section 1331 is the proper assertion of jurisdiction in a Bivens case as it confers original jurisdiction of civil actions arising under the Constitution to the district court.

Section 42 U.S.C. § 1983 relates to actions against individuals who violate constitutional rights of another "under color of state law."  Soeken v. Herman, 35 F. Supp. 2d 99, 102, n. 3

18

(D.D.C. 1999) (citing <u>District of Columbia v. Carter</u>, 409 U.S. 418 (1983)). <u>See also</u> <u>Garcia v.</u>

<u>Thornburgh</u>, No. Civ. A. 90-2353, 1991 WL 257982, 3 (D.D.C. Nov. 22, 1991) ("Section 1983

provides remedy for rights deprivations occurring under state law . . . "). In this case, the federal

defendants are *federal* employees acting under the color of *federal* law. Thus, they do not act

under color of state law and plaintiffs' assertion of jurisdiction under § 1983 against the federal

defendants is erroneous.

## **CONCLUSION**

         For the foregoing reasons the complaint should be dismissed against all federal

defendants.

                          Respectfully submitted,
                          ___/s/_____
                          KENNETH L. WAINSTEIN, D.C. BAR # 451058
                          United States Attorney


                          ___/s/_____
                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                          Assistant United States Attorney

                          ___/s/_____
                          JOHN F. HENAULT, D.C. Bar # 472590
                          Assistant United States Attorney
                          Judiciary Center Building
                          555 4th Street, N.W. – Civil Division
                          Washington, D.C.  20530
                          (202) 307-1249; (202) 514-8780 (facsimile)

19

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of September, 2006, I caused service of the

foregoing to be made on the *pro se* plaintiffs:

Rodney Doggett
Reg. No. 83059-080
P.O. Box 9000
Seagoville, TX 75159

Gary Callahan
Reg. No. 01628-196
P.O. Box 9000
Seagoville, TX 75159

Russell Kaemmerling
Reg. No. 04899-017
P.O. Box 9000
Seagoville, TX 75159

Brian Culwell
Reg. No. 66552-079
P.O. Box 9000
Seagoville, TX 75159


____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney