UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODNEY DOGGETT**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 06-0575 (RBW) |
| ) | |
| v. ) | |
| ) | |
| **ALBERTO GONZALES**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR ACCESS TO ELECTRONIC LIBRARY**

Federal Defendants, Alberto Gonzales, James Sensenbrenner, Jay Apperson, Leonidas Mecham, Donna Bucella, Johnny Sutton, Chuck Rosenberg, and Judge Ricardo H. Hinojosa, through counsel, hereby file this response to plaintiff's motion for access to an electronic law library.[1]  See Docket No. 13.  Plaintiffs have requested that the Department of Justice "require" or direct the Federal Bureau of Prisons to give them access to unpublished cases, other electronically available cases related to this case, and the research associated with them.  The basis for their argument is a proposed rule change in the Rules of Appellate Procedure, specifically Rule 32.1, that will allow citing to unpublished cases in court pleadings.  Defendants would point out, however, that this case is not on appeal and that the language of Rule 32.1 is directed toward appellees and appellants.

---

[1] In making this opposition to plaintiffs' motion for sanctions, the defendants Alberto Gonzales, James Sensenbrenner, Jay Apperson, Leonidas Mecham, Donna Bucella, Johnny Sutton, Chuck Rosenberg, and Judge Ricardo H. Hinojosa do not waive any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit. Additionally, it appears that plaintiffs have filed a motion to voluntarily dismiss defendants Paul Charlton, Gregory Miller from this case and thus, they do not appear in this motion.

Currently, the Federal Bureau of Prisons is required to provide an inmate reasonable access to legal materials and counsel, and reasonable opportunity to prepare legal documents. Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Ex. 1, BOP Program Statement 1315.07, Legal Activities, Inmates, Purpose and Scope. Each prisoner must be given meaningful assistance in preparing and filing legal documents, either by providing an adequate library or by providing adequate legal assistance from persons trained in the law. Id. Notably, a prison need not provide its inmates with a library that results in the best possible access to the courts. Lindguist v. Idaho State Bd. of Corr., 776 F.2d 851, 856 (9th Cir. 1985). Clearly, FCI Seagoville has met its burden of by providing a law library in compliance with BOP Program Statement 1315.07 for the incarcerated prisoners.

The current list of nationally required publications is stated in Attachments A, B, and C of Program Statement 1315.07 and does not include access to an electronic library or legal materials available only over the internet. The legal materials listed in the attachments are in compliance with the requirements of Program Statement 1315.07, Legal Activities, Inmates.

There is no national policy regarding inmates' access to computer-based systems and defendants in this case are not authorized to require or direct the Federal Bureau of Prisons to institute a nationwide policy change on this issue. The plaintiffs have not provided any evidence that they have been denied access to the judicial system because they do not have access to a paid internet subscription service. In fact, plaintiffs have filed numerous lawsuits in state and federal courts, which illustrate that plaintiffs have ample access to the court system.

Despite a lack of a national policy to provide computer-based internet access to legal materials, defendants have mailed a courtesy copy of the unpublished cases used in their opposition to plaintiffs' motion for sanctions to the incarcerated plaintiffs. Ex. B - Copy of Cases (not filed

electronically with this motion). In the event that unpublished cases are used in future pleadings, defendants will provide said plaintiffs with a courtesy copy of those cases.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney


        /s/
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney


        /s/
        JOHN HENAULT, D.C. BAR # 472590
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 307-1249

**Certificate of Service**

I certify I caused copies of the foregoing Defendants' Response to Plaintiffs' Motion for Access to Electronic Library to be served by first class mail upon *pro se* plaintiffs at:

Rodney Doggett
Reg. No. 83059-080
P.O. Box 9000
Seagoville, TX 75159

Gary Callahan
Reg. No. 01628-196
P.O. Box 9000
Seagoville, TX 75159

Russell Kaemmerling
Reg. No. 04899-017
P.O. Box 9000
Seagoville, TX 75159

Brian Culwell
Reg. No. 66552-079
P.O. Box 9000
Seagoville, TX 75159

on this 28th day of September, 2006.

                                                  /s/
                                      JOHN HENAULT, D.C. BAR # 472590
                                      Assistant United States Attorney