

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** OGC
**NUMBER:** 1315.07
**DATE:** 11/5/99
**SUBJECT:** Legal Activities, Inmate

1. [<u>PURPOSE AND SCOPE</u> §543.10. **The Bureau of Prisons affords an inmate reasonable access to legal materials and counsel, and reasonable opportunity to prepare legal documents. The Warden shall establish an inmate law library, and procedures for access to legal reference materials and to legal counsel, and for preparation of legal documents.]**

2. **SUMMARY OF CHANGES.** The changes include allowing the Central Office to contact the institutions by way of BOPNet GroupWise or memorandum, rather than Operations Memorandum, to direct the ordering of law library materials.

The procedures for posting and maintaining Bureau and U.S. Parole Commission Federal Register documents at institutions are revised and streamlined. These documents will be sent via GroupWise to staff responsible for the institution law libraries instead of being issued by Operations Memoranda.

All references to the "Central Office Librarian" have been changed to "Bureau's Librarian" to reflect the Librarian's responsibility for providing services Bureau-wide.

The Standards Referenced have been updated to reflect the revised American Correctional Association standards.

Finally, the required publications in Attachments A, B, and C are updated to reflect a variety of changes including changes in name and title, volume numbers, publishers and publishing companies, etc. Specific changes to publications in Attachments A, B, and C, requirements for the main, satellite camp and basic inmate law libraries, include:

**[Bracketed Bold - Rules]**
Regular Type - Implementing Information

a. **Additions**

   *Manual de Pautaus*, Zapp (Publicaciones Legales en Espanol,
   Inc.)

b. **Out-of-Print**

   *Military Law Reporter* (Public Law Education Institute).
   This publication will no longer be available but
   institutions which currently have this volume should
   continue to keep these volumes on the shelves.

c. **Removal and Replacements**

   The full-text of the *Federal Sentencing Guidelines* is
   included in the United States Code Annotated (USCA) volumes.
   Therefore, to prevent duplication and for cost containment,
   the other edition of the Federal Sentencing Guidelines
   published by West Group has been removed.

   *Shepard's Federal 2d Citations* and *Federal Supplement
   Citations* has been combined into one publication, the
   *Shepard's Federal Citations* (Lexis Law Publishing).

   *You and the Law* has been replaced with *ABA's Family Legal
   Guide* (Publications International Ltd).

   *Ballentine's Law Dictionary* has been replaced with *Black's
   Law Dictionary*.

d. **Clarifications**

   When single volumes of the *USCA* are purchased, the pamphlet
   volumes are not included.  To indicate this, a notation has
   been added after the *USCA* titles in Attachments B and C for
   Satellite Camp and Basic Inmate Law Libraries, respectively.

   The *Maryland Reporter and Atlantic 2d Reporter* are the only
   required legal publications for state case law that are
   provided.  The publisher only makes available DC case law in
   print format through their regional reporter – *Atlantic 2d*
   Reporter, which also contains case law for other states in
   that region.

   The Bureau **is not** mandated to provide state case law and
   other state legal materials.

3. **PROGRAM OBJECTIVES**.  The expected results of this program
are:

a.  Inmates will have reasonable access to legal materials for preparation of legal documents.

b.  Inmates will have reasonable opportunity to prepare their legal documents.

c.  Inmates and staff will be able to make oaths and affirmations and have them witnessed by institution case managers, as authorized by 18 U.S.C. § 4004.

## 4.  DIRECTIVES AFFECTED

### a.  Directive Rescinded

PS 1315.06      Inmate Legal Activities (3/3/97)

### b.  Directives Referenced

PS 1350.02      Acceptance of Donations (6/29/98)
PS 2100.03      Budget Execution Manual (8/4/95)
PS 4500.04      Trust Fund/Warehouse/Laundry Manual
                (12/15/95)
PS 5264.06      Telephone Regulations for Inmates (12/22/95)
PS 5265.11      Correspondence (7/9/99)
PS 5266.08      Publications, Incoming (8/20/97)
PS 5270.07      Discipline and Special Housing Units
                (12/29/87)
PS 5580.05      Inmate Personal Property (9/30/96)

c.  Rules cited in this Program Statement are contained in 28 CFR §543.10 through §543.16.

## 5.  STANDARDS REFERENCED

a.  American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4256, 3-4257, 3-4261, 3-4262, 3-4263, 3-4264, 3-4442, 3-4447

b.  American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-3D-18, 3D-23, 3E-01, 3E-02, 3E-03, 5D-12

c.  American Correctional Association 3rd Edition Standards for Boot Camp Programs:  1-ABC-3D-03

d.  American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-5F-01

## 6.  LAW LIBRARIES

a.  **Main Law Libraries**.  Each Warden must establish a main law library containing the materials listed in the Required Main Law Library Materials (Attachment A), unless an item is out of print.

Institutions must replace any misplaced or destroyed volumes within a reasonable time after staff become aware of the loss in any Bureau Law Library.

b.  **Satellite Camp Law Libraries**.  Each institution with a Satellite Camp must establish, at a minimum, a modified basic law library in the Satellite Camp that contains the materials listed in the Required Materials for Satellite Camp Law Libraries (Attachment B), unless an item is out of print.

Multiple copies are required for certain materials listed in Attachment B; however, Supervisors of Education may use their discretion in lending duplicate resources to other inmate law libraries.

For inventory and program review purposes, however, such materials are considered to be in the Satellite Camp law library.

c.  **Basic Law Libraries**.  A basic law library must contain the materials listed in the Required Materials for Basic Law Libraries (Attachment C), unless an item is out of print.

d.  **New Law Libraries**.  New institutions, or existing institutions constructing new housing units, must use start-up funds to purchase required law library materials (including the first annual subscription to the Criminal Law Reporter.)

The Bureau's Librarian may be consulted for assistance with ordering publications.

e.  **Adding or Upgrading Law Libraries**.  The Warden may request a basic law library be established when physical restrictions or inmate assignments prevent adequate access to the main law library.

Any request for an additional basic law library in an existing institution, or an upgrade to a main law library, is to be presented to the Regional Counsel for recommendation and forwarded to the General Counsel for a decision.

f.  **Damaged Law Libraries**.  Requests for replacement funding for missing or damaged books due to institution disturbances or natural causes should be forwarded to the Regional Director.

PS 1315.07
11/5/99
Page 5

## 7. MAINTENANCE OF LAW LIBRARIES

a.  The Central Office will fund the periodic updates of required law library materials and all new additions which are deemed necessary for one or more law libraries.  Ordinarily, each institution must order its own publications.

The Central Office will notify institutions either by way of memoranda or GroupWise of:

- the publications required,
- the publishers and addresses for ordering the publications,
- the prices of the publications, and
- funding information.

b.  The Supervisor of Education is to process new purchase requirements within 30 days of receipt of such notice and forward a copy of all orders charged to Accounting Classification Code (Actclass) FP090022G2, to the Bureau Librarian in the Central Office.

c.  Maintenance of the materials is the institution's responsibility.  Materials that have been lost or damaged must be replaced with institution funding.  The Bureau Librarian may be consulted to help order replacements.  Law books which are not required for all libraries may be added to an institution's law library collection under the following circumstances:

(1) Pursuant to the Program Statement on Acceptance of Donations, an inmate may donate an unwanted personally-owned law book to the law library; however, staff may decline such a gift. If there is a question about whether to accept a particular volume, the Regional Counsel and Ethics Officer may be consulted.

Donated materials, if lost or damaged, may not be replaced by the institution or the Central Office.

(2)  If a person other than an inmate offers a donation to the institution law library collection, it may be accepted pursuant to the Program Statement on Acceptance of Donations. The Regional Counsel and Ethics Officer may be consulted about an appropriate response to the offer.

(3)  State officials are responsible for providing state legal assistance and/or state legal materials to state inmates transferred to Federal custody.  Staff may not interfere in an inmate's attempts to obtain such assistance or materials.

PS 1315.07
11/5/99
Page 6

If state correctional officials elect to provide state legal materials for their inmates, the institution will suggest the manner in which such materials should be provided. The Regional Counsel must be notified if questions arise.

d.  In June and December of each year, the Education Branch, Central Office will provide each Supervisor of Education an inventory checklist of required law library publications. Within 30 days of receipt, each Supervisor of Education must inventory each institution law library and list all missing or severely damaged materials on the checklist's discrepancy sheet.

Missing or severely damaged publications must be replaced using institution funds. One copy of the institution's completed inventory must be kept at the institution and one copy of the discrepancy sheet sent to the Central Office Education Administrator, the Regional Education Administrator, and the Regional Counsel.

e.  Each institution must set aside a sufficiently large room where law library books will be kept to allow inmates the opportunity to work at tables without the need for removing the materials.

Each <u>Reporter</u> volume becomes a permanent part of the library collection. Therefore, the site for the law library should allow for the expanding nature of the collection.

f.  Ordinarily, the Supervisor of Education is responsible for supervising the law library's upkeep and operation. Since legal materials are expensive, supervision of law library areas must be provided as necessary to protect the materials.

The <u>Reporter</u> and other statutory materials and case reporters are frequently updated, and correct placement of supplements and pocket parts is important. Out-of-date supplements and other outdated materials are to be disposed of when updated materials are received.

g.  Institution copying equipment may be made available to reproduce materials needed for research outside the library area. When this is done, procedures should be established for an inmate to request a reasonable amount of reproduced material. It is suggested that the request form contain a space for the inmate to indicate why the material is needed outside the time that is made available in the library.

By providing enough hours for library usage and by making copying equipment available when possible, destruction and theft of legal materials should be reduced.  Institutions may provide copy vending machines for inmate use.

8.  **MILITARY LAW MATERIALS.**  Several military law materials (see Attachment A) must be provided in the main law libraries at each institution.

   a.  Nine circulating sets of the Military Justice Reporter are available through the Bureau's Librarian in the Central Office.

      (1)  Upon receiving the Reporter, the Supervisor of Education will place the set in the institution's main law library.

      (2)  The Supervisor of Education must ensure that the requesting inmate is notified promptly that the Reporter is available.  If that inmate does not have access to the main law library, the volumes are to be made available by alternative means, such as through a basic law library.

      (3)  An inmate may not maintain the materials in his or her cell or as personal property.

      (4)  The Bureau's Librarian will fill requests for circulating sets in the order received in the Central Office.

      If requests exceed the number of circulating sets, the Librarian will notify the Supervisor of Education that the provided set will be withdrawn after 90 days.  Ordinarily, this notification is given to the institution which has had a set the longest period of time.

      The Supervisor of Education must place a notice to this effect with the set so that interested inmates are advised of the time period during which the set is available.

   b.  In addition to the nine circulating sets, a tenth set of the Reporter will remain in the Central Office Library and will not circulate.  The Central Office Librarian must also maintain a single reference copy of Court-Martial Reports.

      (**Note:**  This is a different publication than the Court-Martial Reports Index and Citator.)

(1)   An inmate may request copies of specific cases from either the <u>Military Justice Reporter</u> or <u>Court-Martial Reports</u> by submitting a written request to the institution's Supervisor of Education.   The inmate's request must include case citations sufficient to permit identification.

(2)   Ordinarily, the Supervisor of Education must respond to the request within five work days of receipt by forwarding the request (BOPNet GroupWise may be used) to the Bureau Librarian, with a notation of the date that the request was received.

(3)   The Bureau Librarian must forward a copy of the requested cases to the Supervisor of Education ordinarily within five work days, but no later than 21 calendar days, from the date the request was received.

(4)   Upon receiving the requested material, the Supervisor of Education must have the material placed in the institution's main law library (or other place he or she finds suitable) for use by the requesting inmate and other interested inmates.

The Supervisor of Education is to ensure that the requesting inmate is notified promptly that the requested cases are available.

(5)   The inmate may not maintain the requested material in his or her cell or as personal property unless the inmate pays for a copy of the materials under the institution's established procedures for copying legal materials.

9.   **FEDERAL REGISTER MATERIALS.**   Federal Register documents (specifically, final rules, proposed rules, interim rules, and certain notices) pertaining to the Bureau and to the U.S. Parole Commission are to be maintained in the institution's inmate law libraries.   Maintaining these documents in the inmate law libraries is intended to ensure that inmates have the opportunity to participate in the rulemaking process.

a.   The Rules Administrator in the Office of General Counsel is to distribute these Federal Register documents to all institution Education Supervisors via GroupWise attachments.   The Rules Administrator is to include in a second attachment, a List of Federal Register Documents available in the inmate law library.

Ordinarily, proposed rules and interim rules will be listed until such time as the Bureau issues a final rule document in the matter.   Final rules will be listed until the rules become available in the annual revision of title 28 of the Code of Federal Regulations.

b.  The Education Supervisor must distribute the attachments
(either on paper or via GroupWise) to staff responsible for the
institution's inmate law libraries.  Staff assigned to the
institution law libraries are to maintain paper copies of the
Federal Register documents along with the most recent copy of the
List of Federal Register Documents.

c.  The Education Supervisor must forward a copy of the most
recent List of Federal Register Documents to institution Unit
Managers for posting on inmate bulletin boards.  The List of
Federal Register Documents serves to notify inmates that the
documents are available in the inmate law libraries.

d.  The Education Supervisor must provide a copy to the
President of the local union of any of these Federal Register
documents pertaining to the Bureau.  Union representatives may
send comments on proposed or interim rules as members of the
public directly to the Rules Administrator.

e.  The Education Supervisor must also ensure that a copy of
each Federal Register document is posted on at least one
centrally located staff bulletin board.  Staff may send comments
on proposed or interim rules as members of the public directly to
the Rules Administrator, and need not send such comments through
the normal "chain of command."

10.  [LEGAL RESEARCH AND PREPARATION OF LEGAL DOCUMENTS §543.11

a.  The Warden shall make materials in the inmate law library
available whenever practical, including evening and weekend
hours.  The Warden shall allow an inmate a reasonable amount of
time, ordinarily during the inmate's leisure time (that is, when
the inmate is not participating in a scheduled program or work
assignment), to do legal research and to prepare legal documents.
Where practical, the Warden shall allow preparation of documents
in living quarters during an inmate's leisure time.

b.  The Warden shall periodically ensure that materials in each
inmate law library are kept intact and that lost or damaged
materials are replaced.

c.  Staff shall advise an inmate of rules and local procedures
governing use of the inmate law library.  Unauthorized possession
of library materials by an inmate constitutes a prohibited act,
generally warranting disciplinary action (see part 541 of this
chapter).]

Part 541 refers to the Program Statement on Inmate Discipline
and Special Housing Units.

[d. An inmate's legal materials include but are not limited to the inmate's pleadings and documents (such as a pre-sentence report) that have been filed in court or with another judicial or administrative body, drafts of pleadings to be submitted by the inmate to a court or with other judicial or administrative body which contain the inmate's name and/or case caption prominently displayed on the first page, documents pertaining to an inmate's administrative case, photocopies of legal reference materials, and legal reference materials which are not available in the institution main law library (or basic law library in a satellite camp).]

Staff must consult with Regional Counsel if there is any question whether certain items qualify as legal materials.

[(1)  An inmate may solicit or purchase legal materials from outside the institution.  The inmate may receive the legal materials in accordance with the provisions on incoming publications or correspondence (see 28 CFR part 540, subparts B and F) or through an authorized attorney visit from a retained attorney.  The legal materials are subject to inspection and may be read or copied unless they are received through an authorized attorney visit from a retained attorney or are properly sent as special mail (for example, mail from a court or from an attorney), in which case they may be inspected for contraband or for the purpose of verifying that the mail qualifies as special mail.]

28 CFR part 540, subparts B and F refer to the Program Statements on Correspondence and Incoming Publications respectively.

[(2)  Staff may allow an inmate to possess those legal materials which are necessary for the inmate's own legal actions.  Staff may also allow an inmate to possess the legal materials of another inmate subject to the limitations of paragraph (f)(2) of this section.  The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons.]

To ensure that legal materials do not become a security or housekeeping hazard (e.g., fire, sanitation), each institution may establish a limit on the amount of, and storage location for legal materials in the inmate's living area.

PS 1315.07
11/5/99
Page 11

The amount of storage space provided for legal materials
depends upon the total storage space available. Ordinarily, the
amount may not be restricted below three cubic feet per inmate.
In a segregation or detention area, the amount ordinarily may not
be restricted below one cubic foot per inmate.

Alternate storage areas may be provided only for storing
excess legal materials. The Regional Counsel may be consulted if
there is a question as to the need for bulky or excess legal
material, or if there is any question regarding the applicability
of the legal materials to the inmate's own legal actions.

   **[e.  An inmate is responsible for submitting his documents to
court.  Institution staff who are authorized to administer oaths
shall be available to provide necessary witnessing of these
documents, as requested by inmates and at times scheduled by
staff.**

See Section 16 for further instructions on administering oaths
and acknowledgments.

   **f. (1)  Except as provided for in paragraph f.(4) of this
section, an inmate may assist another inmate in the same
institution during his or her leisure time (as defined in
paragraph a. of this section) with legal research and the
preparation of legal documents for submission to a court or other
judicial body.]**

Any assistance offered by one inmate to another is
voluntary. An inmate is not entitled to assistance from any
specific inmate. Because no inmate may conduct a business, the
assisting inmate may not receive compensation. The assisting
inmate shall not be provided any privileges ordinarily afforded
to attorneys or paralegals, clerks, and legal assistants, even if
the inmate was an attorney before his or her incarceration.

Inmates who are in different institutions are prohibited
from providing legal assistance to each other except to the
extent that they may be allowed to correspond with each other
about legal matters. For example, immediate family members or
co-defendants or co-plaintiffs may receive approval to exchange
correspondence (see the Program Statement on Correspondence).

Inmates who are allowed to exchange correspondence may
choose to include legal material pertinent to their joint action
in their correspondence. Enclosed legal material, however, is
subject to inspection and can be read or copied.

Legal material which co-defendants or co-plaintiffs receive through special mail or from an attorney through an attorney visit is subject to inspection for contraband or qualification as special mail only, and may not be read or copied.

**[(2)   Except as provided for in paragraph f.(4) of this section, an inmate may possess another inmate's legal materials while assisting the other inmate in the institution's main law library and in another location if the Warden so designates.**

**(a)   The assisting inmate may not remove another inmate's legal materials, including copies of the legal materials, from the law library or other designated location.  An assisting inmate is permitted to make handwritten notes and to remove those notes from the library or other designated location if the notes do not contain a case caption or document title or the name(s) of any inmate(s).  The assisting inmate may also develop and possess handwritten drafts of pleadings, so long as the draft pleadings do not contain a case caption or document title or the name(s) of any inmate(s).  These notes and drafts are not considered to be the assisting inmate's legal property, and when the assisting inmate has these documents outside the law library or other designated location, they are subject to the property limitations in § 553.11(a) of this chapter.]**

§553.11(a) refers to the Program Statement on Inmate Personal Property.

**[(b)   Although the inmate being assisted need not remain present in the law library or other designated location while the assistance is being rendered, that inmate is responsible for providing and retrieving his or her legal materials from the library or other designated location.  Ordinarily, the inmate must provide and retrieve his or her legal materials during his or her leisure time.  An inmate with an imminent court deadline may request a brief absence from a scheduled program or work assignment in order to provide or retrieve legal materials from an assisting inmate.]**

The law library is the most appropriate location for allowing inmates to assist one another with legal matters however, the Warden may choose to designate additional locations.

Where it is difficult to use the institution's main law library (for example, at a medical facility, a metropolitan detention center, a metropolitan correctional center, an administration maximum security facility, an administrative high security level institution, or in a special housing unit,

PS 1315.07
11/5/99
Page 13

pretrial unit, or holdover unit), the Warden should designate
another location.  The need for institution security, good order,
or discipline, however, may prevent the use of another location.

    The inmate being assisted must bring his or her legal
materials to the law library or other designated location to
provide them to the assisting inmate.  The assisting inmate may
not remove the legal materials from the law library or other
designated location.

    Legal materials left unattended in the law library or
other designated location may be disposed of as nuisance
contraband or returned by staff to the owner.  Staff are to
consult with institution legal staff or Regional Counsel if they
have a question about who owns the legal materials.

   **[(3)   The Warden may give special consideration to the legal
needs of inmates in mental health seclusion status in federal
medical centers or to inmates in controlled housing.**

    **(4)   The Warden at any institution may impose limitations on
an inmate's assistance to another inmate in the interest of
institution security, good order, or discipline.]**

    For reasons of security, inmates in an administrative
institution or unit or in a special housing unit have limited
access to other inmates on those units and no access to general
population inmates.  Legal assistance under Section 10 of this
Program Statement remains available for such inmates.

   **[g.  The institution staff shall, upon an inmate's request and
at times scheduled by staff, duplicate legal documents if the
inmate demonstrates that more than one copy must be submitted to
court and that the duplication cannot be accomplished by use of
carbon paper.  The inmate shall bear the cost, and the
duplication shall be done so as not to interfere with regular
institution operations.  Staff may waive the cost if the inmate
is without funds or if the material to be duplicated is minimal,
and the inmate's requests for duplication are not large or
excessive.]**

    To prevent abuses of this provision (e.g., inmate shows a
pattern of depleting his or her commissary funds prior to
requesting duplication of legal documents), the Warden may impose
restrictions on the provisions of this subsection.  In such
cases, staff may request that the inmate complete the appropriate
form for reimbursement (BP-CMS-21/24) for the amount of legal
copies received at government expense.  Commissary staff will

PS 1315.07
11/5/99
Page 14

hold the BP-CMS-21/24 form and charge the reimbursement against
the inmate's account as soon as the inmate has funds (see the
Trust Fund/Warehouse/Laundry Manual.)

   **[h.  Unless clearly impractical, the Warden shall allow an
inmate preparing legal documents to use a typewriter, or if the
inmate cannot type, to have another inmate type his documents.
The Warden may allow the inmate to hire a public stenographer to
type documents outside the institution, but the institution may
not assume the expense of hiring the public stenographer.  Staff
shall advise the inmate of any delay in the typing of which they
have received notice from the stenographer.**

   **i.  The Warden shall give special time allowance for research
and preparation of documents to an inmate who demonstrates a
requirement to meet an imminent court deadline.  Otherwise, each
inmate shall continue his regular institutional activities
without undue disruption by legal activities.]**

   Inmates who request time to do legal research and preparation
for filing legal documents during their regularly scheduled work
time may be required to do so first during all available leisure
time.  When such requests are made, staff may also authorize the
inmate to work reduced hours.  For example, an inmate may be
allowed mornings to do legal research, work in the afternoons,
and then use evenings for further research.  The Regional Counsel
may be consulted regarding such arrangements.

   **[j.  With consideration of the needs of other inmates and the
availability of staff and other resources, the Warden shall
provide an inmate confined in disciplinary segregation or
administrative detention a means of access to legal materials,
along with an opportunity to prepare legal documents.  The Warden
shall allow an inmate in segregation or detention a reasonable
amount of personal legal materials.  In no case shall the amount
of personal legal materials be such as to pose a fire,
sanitation, security, or housekeeping hazard.]**

   A reasonable amount of personal legal material in segregation
or detention is approximately one cubic foot.  Greater amounts
may be allowed when an inmate has an imminent court deadline.
The Regional Counsel should be consulted before accumulation of
legal materials is limited for housekeeping reasons.

11.  **[RETENTION OF ATTORNEYS §543.12**

  **a.  The Warden shall allow an inmate to contact and retain
attorneys.  With the written consent of the inmate, staff may
advise an attorney of the inmate's available funds.  Staff may
not interfere with selection and retention of attorneys if the
inmate has attained majority and is mentally competent.  If the
inmate is a mental incompetent or a minor, the Warden shall refer
to the inmate's guardian or to the appropriate court all matters
concerning the retention and payment of attorneys.]**

  The Warden must ensure that a list of legal resources
(including attorneys acting pro bono or through an established
legal aid program at the institution) is made available.

  **[b.  The Bureau of Prisons may not act as guarantor or
collector of fees.  As to correspondence with attorneys and
telephone calls to attorneys, see part 540 of this chapter.]**

  Part 540 refers to the Program Statement on Correspondence and
the Program Statement on Telephone Regulations for Inmates.

12.  **[VISITS BY ATTORNEYS §543.13**

  **a.  The Warden shall, under the conditions of this section,
permit visits by the retained, appointed, or prospective attorney
of an inmate or by an attorney who wishes to interview an inmate
as a witness.**

  **b.  The Warden generally may not limit the frequency of
attorney visits since the number of visits necessary is dependent
upon the nature and urgency of the legal problems involved.  The
Warden shall set the time and place for visits, which ordinarily
take place during regular visiting hours.  Attorney visits shall
take place in a private conference room, if available, or in a
regular visiting room in an area and at a time designed to allow
a degree of privacy.  The Warden may make exceptions according to
local conditions or for an emergency situation demonstrated by
the inmate or visiting attorney.]**

  To the extent practicable, staff are to provide an area for
attorney-client visits that ensures their conversation has a high
degree of privacy.

  **[c.  The attorney shall make an advance appointment for the
visit through the Warden prior to each visit; however, the Warden
shall make every effort to arrange for a visit when prior
notification is not practical.**

PS 1315.07
11/5/99
Page 16

d.  The Warden may require an attorney to indicate where he is
licensed as an attorney and how that fact may be verified.  Prior
to each appointment or visit, the Warden shall require each
attorney to identify himself and to confirm that he wishes to
visit an inmate who has requested his visit or whom he represents
or whom he wishes to interview as a witness.  The Warden may not
ask the attorney to state the subject matter of the lawsuit or
interview.  If there is any question about the identity of the
visitor or his qualification as an attorney in good standing, the
Warden shall refer the matter to the Regional Counsel.

e.  Staff may not subject visits between an attorney and an
inmate to auditory supervision.  The Warden may permit tape
recordings to be used by an attorney during the course of a visit
only if the attorney states in writing in advance of the
interview that the sole purpose of the recording is to facilitate
the attorney-client or attorney-witness relationship.]

Ordinarily, the use of any other electronic device (for
example, videotape recorders or computers) are not to be
permitted.  The Warden may permit such use, however, if it is
shown that such use is absolutely essential to facilitate the
attorney-client relationship, and such use would not be
inconsistent with the institution's maintenance of security, good
order, or discipline.  The Visiting Attorney Statement
(BP-S241.013) is a sample of a statement which institution staff
may reproduce locally.

[f.  The Warden may, at any time, subject an attorney to a
search of his person and belongings for the purpose of
ascertaining if contraband is present, as a condition of visiting
an inmate.]

Procedures for the exchange of legal documents in the visiting
room should be placed either in an Institution Supplement on
Legal Activities or in the required Institution Supplement on
Visiting.

13.  [LIMITATION OR DENIAL OF ATTORNEY VISITS AND CORRESPONDENCE
§543.14

a.  An act by an attorney which violates Bureau regulations or
institution guidelines and which threatens the security, good
order, or discipline of the institution is grounds for limitation

PS 1315.07
11/5/99
Page 17

or denial by the Warden of the attorney's privileged visitation
and correspondence rights.  Acts by an attorney which may warrant
such limitation or denial include, for example, the following:

   (1)  A false statement as to the attorney's identity or
qualifications;

   (2)  A plan, attempt, or act to introduce contraband into
the institution;

   (3)  A conspiracy to commit, an attempt to commit, or the
actual commission of an act of violence within an institution;
and

   (4)  Encouraging an inmate to violate the law, Bureau of
Prisons rules, or local implementing guidelines.

   b.  Unless the breach of regulations is extreme or repeated,
limitation rather than a denial of visitation or correspondence
rights is proper, especially where the inmate is represented by
the attorney and is confronted with a court deadline.  For
example, the Warden may subject an attorney to a search of his
person and belongings or may permit the attorney only
non-privileged correspondence.  The Warden shall also consider
referral of the matter to the state agency regulating the
attorney's professional conduct.]

   The Warden must consult with the Regional Counsel before taking
action under this subsection.

   [c.  An act by an inmate in violation of Bureau regulations or
institution guidelines warrants a limitation by the Warden of the
inmate's correspondence or visiting rights with attorneys only if
necessary to protect institution security, good order, or
discipline.  The Warden may not deny correspondence or visiting
rights with attorneys generally.]

   The Warden must consult with the Regional Counsel before taking
action under this subsection.


   [d.  The attorney may appeal any limitation or denial by the
Warden of attorney visits or correspondence rights to the
Regional Director.  The inmate affected may appeal through the
Administrative Remedy Procedures.]

14.  [LEGAL AID PROGRAM §543.15

   a.  A legal aid program which is funded or approved by the
Bureau is expected to provide a broad range of legal assistance
to inmates.  Staff shall allow these programs generally to
operate with the same independence as privately retained
attorneys.  The Warden shall refer a request or decision to
terminate or restrict a program, or individual participants in a
program, to the Regional Counsel.

   b.  In order to promote the inmate-program relationship, the
Warden shall give those students or legal assistants working in
legal aid programs the same status as attorneys with respect to
visiting and correspondence except where specific exceptions are
made in this section and in part 540 of this chapter.]

   Part 540 refers to the Program Statement on Correspondence.

   [c.  An attorney or law school professor shall supervise
students and legal assistants participating in the program.  The
supervisor shall provide the Warden with a signed statement
accepting professional responsibility for acts of each student or
legal assistant affecting the institution.  The Warden may
require each student or legal assistant to complete and sign a
personal history statement and a pledge to abide by Bureau
regulations and institution guidelines.  If necessary to maintain
security or good order in the institution, the Warden may
prohibit a student or legal assistant from visiting or
corresponding with an inmate.]

   When an attorney requests that a student or legal assistant be
allowed to correspond or visit an inmate, staff ordinarily should
confirm the request by completing the Paralegal or Legal
Assistant Confirmation (BP-S242.013).  This confirmation should
be given or sent to the supervising attorney, along with the
Application to Enter Institution as Representative (BP-S243.013).
The Warden may require each student or legal assistant to
complete a BP-S243.013.  The form may be reproduced locally.

   The Warden must consult with the Regional Counsel if there is a
question regarding the qualifications of a participant before a
final determination is made, or on any recommendation or decision
to limit or prohibit a student or legal assistant.

PS 1315.07
11/5/99
Page 19

15.  [OTHER PARALEGALS, CLERKS, AND LEGAL ASSISTANTS §543.16

a.  The Bureau of Prisons recognizes the use of assistants by attorneys to perform legal tasks and, with proper controls and exceptions enumerated in this section and in part 540 of this chapter, accords such assistants the same status as attorneys with respect to visiting and correspondence.]

Part 540 refers to the Program Statement on Correspondence.

The special visiting/correspondence status accorded to paralegals, clerks, and legal assistants depends upon an ongoing, supervisory relationship with an attorney on an approved visiting/correspondence list.  Absent any current supervisory relationship, such persons may only receive social visiting or general correspondence privileges.

A request by a paralegal, law clerk, or legal assistant for social visiting/general correspondence privileges must be evaluated and considered on the same basis as requests from non-legal persons.

The Warden must consult with the Regional Counsel if there is a question regarding the status of such persons before making a final determination, or any recommendation or decision to limit or prohibit the visiting/correspondence privileges of such persons.

[b.  The attorney who employs an assistant and who wishes the assistant to visit or correspond with an inmate on legal matters shall provide the Warden with a signed statement including:

(1)  Certification of the assistant's ability to perform in this role and awareness of the responsibility of this position;

(2)  A pledge to supervise the assistant's activities; and

(3)  Acceptance of personal and professional responsibility for all acts of the assistant which may affect the institution, its inmates, and staff.  The Warden may require each assistant to fill out and sign a personal history statement and a pledge to abide by Bureau regulations and institution guidelines.  If necessary to maintain security or good order in the institution, the Warden may prohibit a legal assistant from visiting or corresponding with an inmate.]

The Warden may require each paralegal, clerk, or legal assistant to complete a BP-S243.013.

PS 1315.07
11/5/99
Page 20

16.  **ADMINISTERING OATHS AND ACKNOWLEDGMENTS.**  28 U.S.C. § 1746 provides that an unsworn declaration under penalty of perjury may be used with "like force and effect" as a sworn declaration, verification, certification, statement, oath, or affidavit, when such action is required by any law, rule, regulation, order, or requirement of the United States.  Exceptions specified in the statute are a deposition, an oath of office, and an oath required to be taken before a specified official other than a notary public.

Since most documents inmates sign are pursuant to a United States law, rule, or regulation, a sworn oath is often not required.

When an unsworn declaration is not sufficient, 18 U.S.C. § 4004 authorizes specified Bureau staff to administer oaths and take acknowledgments of officers, employees, and inmates.  Thus, while state and local laws may often refer only to a notary public (or similar officials) because they are the only officials authorized by state law to administer oaths and witness signatures, Federal law also authorizes certain Bureau officials to perform such functions in Federal prisons.

   a.  **Unsworn Declarations.**  Other than for the exceptions cited above, staff need not administer oaths and witness inmate signatures on any documents to be filed in Federal courts or with Federal agencies, unless directly instructed to do so by the Court or agency.  Inmates may make their own unsworn declaration on such documents by placing the following paragraph at the end of the document:

        "I declare (or certify, verify or state), under penalty of perjury, that the foregoing is true and correct.  Executed on (date)."


                                        _____
                                        (Signature)

   b.  **Oaths.**  Unsworn declarations are not legally sufficient for declarations on depositions, for oaths of office, or for oaths required to be taken before an official other than a notary

PS 1315.07
11/5/99
Page 21

public.  In addition, documents for submission to state courts
and state agencies may require a sworn declaration.  For such
documents, it is Bureau policy to administer oaths prior to
witnessing the signatures of persons executing these documents.

   (1)  **Administering Oaths.**  Title 18 U.S.C. § 4004 provides:

   **"The wardens and superintendents, associate wardens and
   superintendents, chief clerks, and record clerks, of Federal
   penal or correctional institutions, may administer oaths to
   and take acknowledgments of officers, employees, and inmates
   of such institutions, but shall not demand or accept any fee
   or compensation therefor."**

   For the purpose of this Program Statement, institution Case
Managers are considered to be chief clerks.

   The person giving the oath must face the oath administrator
and raise his or her right hand while the administrator states:

   You do solemnly, sincerely, and truly swear that the various
   matters and things set forth in this paper which you are
   about to sign before me are true, and that you do this under
   the pains and penalties of perjury.

   After receiving the affirmative answer, the proper stamp is
to be affixed in the necessary places, and the paper(s) duly
signed by parties in the places provided.

   (2)  **Administering Affirmations.**  Affirmations are to be
offered for individuals who cannot or do not wish to swear or
take oaths.

   The person giving the affirmation must face the affirmation
administrator and raise his or her right hand while the
administrator states:

   You do solemnly, sincerely, and truly affirm and declare
   that the various matters and things set forth in this paper
   which you are about to sign before me are true, and that you
   do this under the pains and penalties of perjury.

   After receiving the affirmative answer, the proper stamp is
to be affixed in the necessary places, and the paper(s) duly
signed by parties in the places provided.

PS 1315.07
11/5/99
Page 22

(3) **Stamps.** The following shall be the wording of the stamps used:

_____(name)_____, _____(title)_____,
Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004).

(4) **Validity of Witnessing.** Any document witnessed without the initiator's taking the oath or affirmation may be invalid. The witnessing of a person's signature in no way is a representation by the witness as to the validity of the material or its contents, but is an indication that the document has been signed by the individual whose signature appears thereon.

c. **Staff Responsibility.** Each Warden will assign an employee to instruct appropriate personnel in the proper procedures to follow in witnessing signatures and in giving affirmations. Each person issued a stamp is responsible for its control and safekeeping, so it will not be available to unauthorized persons.

/s/
Kathleen Hawk Sawyer
Director

PS 1315.07
11/5/99
Attachment A, Page 1

## REQUIRED MAIN LAW LIBRARY MATERIALS

1.  REPORTERS:

    a. United States Supreme Court Reports (Lawyers' Edition
    2d Series), Volume 4-26, 37-present (Lexis Law Publishing
    Co.)  (New institutions should order Volumes 4 - present).

    b. Supreme Court Reporter, Volumes 91 - 93A (West Group)
    (New institutions do not order.)

    c. Decisions of the United States Supreme Court, 1964 -
    present (Lexis Law Publishing Co.).

    d. Federal Reporter, 2d Series, Volumes 267 - 999 (West
    Group).

    e. Federal Reporter, 3d Series, Volumes 1 - present (West
    Group).

    f. Federal Supplement, Volumes 173 - present (West Group).

    g. Maryland Reporter, volumes 91 - present (contains
    District of Columbia Court of Appeals cases that are also
    published in the Atlantic 2nd Reporter)  (West Group).

    h. Military Justice Reporter, Volume 36 No. 1 - present
    (West Group) (new institutions should order complete set).

    i. Criminal Law Reporter (new institutions purchase first
    annual subscription; subsequent subscriptions ordered by
    Central Office) (BNA).

2.  STATUTES:

    a. United States Code Annotated, complete set (West Group).

    b. United States Constitution, including Amendments (West
    Group).

    c. District of Columbia Code Annotated, complete set (Michie
    Publishing Co.).

3.  RULES:

    a. Federal Civil Judicial Procedures & Rules (West Group).

    b. Federal Criminal Code & Rules (West Group).

    c. Military Rules of Evidence Manual, Saltzburg, Schinasi &

PS 1315.07
11/5/99
Attachment A, Page 2

Schlueter (Michie Publishing Co.).

4.  REGULATIONS:

a. Title 8 of the Code of Federal Regulations
(U.S. Government Printing Office).

b. Title 21 of the Code of Federal Regulations, chapter II,
Part 1300 to end (U.S. Government Printing Office).

c. Title 28 of the Code of Federal Regulations
(U.S. Government Printing Office).

5.  PROGRAM STATEMENTS:

a. All current Bureau of Prisons Program Statements which
contain rules codified in Chapters III or V of Title 28 of
the Code of Federal Regulations.

b. Any other Program Statement or Institution Supplement
that the Warden may deem to be of interest to the inmate
population, except for those documents that are restricted.

6.  OTHER MATERIALS:

a. American Jurisprudence 2d edition, complete set.
(West Group).

b. Black's Law Dictionary (West Group).

c. Complete Manual of Criminal Forms, Bailey and Rothblatt
(West Group).

d. Constitutional Rights of Prisoners, Palmer (Anderson
Publishing Co.).

e. Law of Sentencing, Corrections and Prisoners' Rights,
Krantz (West Group).

f. Criminal Practice Institute Trial Manual, two volumes
(Public Defenders Service).

g. Criminal Procedure in a Nutshell, Israel and LaFave
(West Group).

h. Court Martial Reports Index and Citator, (Loaned by
Central Office Library).

i. <u>Federal Habeas Corpus Practice and Procedure</u>, Liebman and Hertz (Michie Publishing Co.) (all volumes and supplements).

j. <u>Immigration Law and Procedure</u>, Gordon and Gordon (one volume) (Matthew Bender Publishing Co.).

k. <u>Legal Research in a Nutshell</u>, Cohen and Kent (West Group).

l. <u>Legal Research and Writing: Some Starting Points</u>, Statsky (West Group).

m. <u>Manual de Pautaus</u>, Zapp (Publicaciones Legales en Espanol, Inc.).

n. <u>Manual for Courts-Martial, 1995</u>, United States (U.S. Government Printing Office).

o. <u>Manual for Prison Law Libraries</u>, Werner (Rothman Publishing Co.).

p. <u>Military Criminal Justice: Practice and Procedure</u>, Schlueter, 1982 Edition and Supplements (Michie Publishing Co.).

q. <u>Military Justice Digest</u> (West Group).

r. <u>Modern Criminal Procedure</u>, Israel and Kamisar (West Group).

s. <u>Prisoners' Assistance Directory</u> (The National Prison Project)

t. <u>Shepard's</u>, for District of Columbia (Shepard's).

u. <u>Shepard's United States Citations</u> (Shepard's).

v. <u>Shepard's Federal Citations</u> (Shepard's).

w. <u>Spanish/English Law Dictionary</u>, Solis (West Group).

x. <u>United States Supreme Court Digest Annotated</u> (complete set) (Lexis Law Publishing Co.).

y. <u>ABA's Family Legal Guide</u> (Random House).

PS 1315.07
11/5/99
Attachment B, Page 1

## REQUIRED MATERIALS FOR SATELLITE CAMP LAW LIBRARIES

1.  REPORTERS:

    a. <u>Decisions of the United States Supreme Court</u>,
    1964 - present. (Lexis Law Publishing Co.).

    b. <u>Federal Reporter, 2d Series</u>, Volumes 604 - 999
    (West Group).

    c. <u>Federal Reporter, 3d Series</u>, Volumes 1 - present
    (West Group).

    d. <u>Criminal Law Reporter</u> (new institutions purchase first
    annual subscription; subsequent subscriptions ordered by
    Central Office) (BNA).

2.  STATUTES:

    a. <u>United States Code Annotated</u>.   (West Group).
    (Pamphlet volumes not included)

        (1) Title 5, sections 1 - 5100.

        (2) Title 18, complete.

        (3) Title 21, complete.

        (4) Title 26, sections 3101 to end.

        (5) Title 28, volumes containing the Rules of the
        United States Supreme Court, United States Court of
        Appeals Rules and Federal Rules of Appellate Procedure.

        (6) Title 28, sections 2201 to end.

        (7) Title 42, sections 1771 - 2010.

    b. <u>United States Constitution</u> and Amendments, (complete).

3.  RULES:

    a. <u>Federal Civil Judicial Procedures & Rules</u> (West Group).

    b. <u>Federal Criminal Code & Rules</u> (West Group).

PS 1315.07
11/5/99
Attachment B, Page 2

4.  REGULATIONS:

Title 28 of the Code of Federal Regulations
(U.S. Government Printing Office) (three copies).*

5.  PROGRAM STATEMENTS:

a. All current Bureau of Prisons Program Statements which
contain rules codified in Chapters III or V of Title 28 of
the Code of Federal Regulations.

b. Any other Program Statement or Institution Supplement
that the Warden may deem to be of interest to the inmate
population, with the exception of those documents that are
restricted.

6.  OTHER MATERIALS:

a. Black's Law Dictionary (West Group).

b. Complete Manual of Criminal Forms, Bailey and Fishman
(West Group).

c. Constitutional Rights of Prisoners, Palmer
(Anderson Publishing Co.).

d. Law of Sentencing, Corrections and Prisoners' Rights,
Krantz (West Group).

e. Criminal Procedure in a Nutshell, Israel and LaFave
(West Group) (three copies).*

f. Federal Habeas Corpus Practice and Procedure, Liebman and
Hertz (Michie Publishing Co.) (all volumes and supplements)
(two copies).*

g. Legal Research in a Nutshell, Cohen and Kent (West Group)
(three copies).

h. Legal Research and Writing: Some Starting Points, Statsky
(West Publishing Co.).

i. Manual for Courts-Martial, 1995, United States
(U.S. Government Printing Office).

j. Modern Criminal Procedure, Israel and Kamisar
(West Group).

PS 1315.07
11/5/99
Attachment B, Page 3

k. <u>Prisoners' Assistance Directory</u> (The National Prison Project).

l. <u>ABA's Family Legal Guide</u>, (Publications International Ltd.).

*    These copies may be loaned to other inmate law libraries at the Supervisor of Education's discretion.

PS 1315.07
11/5/99
Attachment C, Page 1

## REQUIRED MATERIALS FOR BASIC LAW LIBRARIES

1. REPORTERS:

    a. <u>Decisions of the United States Supreme Court</u>, 1964 – present. (Lexis Law Publishing Co.).

    b. <u>Criminal Law Reporter</u> (new institutions purchase first annual subscription; subsequent subscriptions ordered by Central Office) (BNA).

2. STATUTES:

    a. <u>United States Code Annotated</u>.  (West Group). (Pamphlet volumes not included)

        (1) Title 5, sections 1 – 5100.

        (2) Title 18, complete.

        (3) Title 21, complete.

        (4) Title 26, sections 3101 to end.

        (5) Title 28, volumes containing the Rules of the United States Supreme Court, United States Court of Appeals Rules and Federal Rules of Appellate Procedure.

        (6) Title 28, sections 2201 to End.

        (7) Title 42, sections 1771 – 2010.

    b. <u>United States Constitution</u> and Amendments, (complete).

3. RULES:

    a. <u>Federal Civil Judicial Procedures & Rules</u> (West Group).

    b. <u>Federal Criminal Code & Rules</u> (West Group).

4. REGULATIONS:

    a. Title 28 of the Code of Federal Regulations (U.S. Government Printing Office).

PS 1315.07
11/5/99
Attachment C, Page 2

5.  PROGRAM STATEMENTS:

    a. All current Bureau of Prisons Program Statements which
    contain rules codified in Chapters III or V of Title 28 of
    the Code of Federal Regulations.

    b. Any other Program Statement or Institution Supplement
    that the Warden may deem to be of interest to the inmate
    population, with the exception of those documents that are
    restricted.

6.  OTHER MATERIALS:

    a. <u>Black's Law Dictionary</u> (West Group).

    b. <u>Complete Manual of Criminal forms</u>, Bailey and Fishman
    (West Group).

    c. <u>Constitutional Rights of Prisoners</u>, Palmer (Anderson
    Publishing Co.).

    d. <u>Law of Sentencing, Corrections and Prisoners' Rights</u>,
    Krantz (West Group).

    e. <u>Criminal Procedure in a Nutshell</u>, Israel and LaFave
    (West Group).

    f. <u>Federal Habeas Corpus Practice and Procedure</u>, Liebman and
    Hertz (Michie Publishing Co.) (all volumes and supplements).

    g. <u>Legal Research in a Nutshell</u>, Cohen (West Group).

    h. <u>Legal Research and Writing: Some Starting Points</u>,
    Statsky (West Group).

    i. <u>Manual for Courts-Martial, 1995</u>, United States
    (U.S. Government Printing Office).

    j. <u>Modern Criminal Procedure</u>, Israel and Kamisar
    (West Publishing Co.).

    k. <u>Prisoners' Assistance Directory</u>
    (The National Prison Project).

    l. <u>ABA's Family Legal Guide</u>, (Publications International
    Ltd.).

```
                                          PS 1315.07
                                           11/5/99
                              Attachment D, Page 1


        BP-S241.013  VISITING ATTORNEY STATEMENT,
              is available on BOPDOCS
```

PS 1315.07
11/5/99
Attachment E, Page 1

BP-S242.013   PARALEGAL OR LEGAL ASSISTANT CONFIRMATION,
            is available on BOPDOCS.

PS 1315.07
11/5/99
Attachment F, Page 1


BP-S243.013  APPLICATION TO ENTER INSTITUTION AS REPRESENTATIVE,
is available on BOPDOCS.