UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| RODNEY DOGGETT, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-0575 (RBW) |
| ALBERTO GONZALES, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiffs have filed this action against ten named defendants in both their official and individual capacities pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The docket shows that the Clerk of Court issued a summons for each defendant on March 29, 2006. *See* Dkt. Entry 3/29/06. Plaintiffs represent that they have not served these defendants personally; rather, service allegedly was effected by certified mail, return receipt requested, on various dates in April 2006. *See* Plaintiffs' Motion to Take Judicial Notice of Facts and Motion to Enlarge Time to Serve Defendants ("Pls.' Mot.") ¶¶ 9, 12. Because plaintiffs are federal prisoners, they assert that they "cannot be expected to serve Defendants personally at their homes or usual place of abode." *Id.* ¶ 15. They therefore ask the Court to consider their service by mail as having achieved the equivalent of proper service on

---

[1] Plaintiffs have noted their dismissal without prejudice of two defendants: Paul K. Charlton and Gregory Miller. *See* Plaintiff's Notice of Dismissal ¶ 8. No answer or other response has been filed on behalf of defendants Charlton and Miller in their individual capacities. *See* Defendants' Motion to Dismiss Plaintiffs' Complaint at 2 n.5.

these defendants "in their individual capacit[ies]." *Id.* ¶ 16.

The Federal Rules of Civil Procedure require that service of process on an employee or officer of the United States sued in his or her official capacity in this Court be effected by serving both the United States Attorney for the District of Columbia and the Attorney General of the United States as prescribed by Rule 4(*i*)(1), and also by serving the employee or officer by sending him or her "a copy of the summons and complaint by registered or certified mail" as prescribed by Rule 4(*i*)(2) of the Federal Rules of Civil Procedure. However, service on a federal government employee sued in his or her individual capacity requires personal service. *See* Fed. R. Civ. P. 4(e), (*i*)(2)(B); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (holding that defendants in *Bivens* actions must be served as individuals pursuant to Rule 4(e)). Generally, personal service may be accomplished "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Fed. R. Civ. P. 4(e)(2). In the alternative, compliance with the law of the District of Columbia for service of a summons and complaint upon an individual defendant satisfies Rule 4(e). *Id.*; *see* Super. Ct. Civ. R. 4(e)(2) (allowing service of process on individual plaintiffs by first class, certified, or registered mail).

"In a *Bivens* claim, personal service of process upon the Defendant is necessary to obtain personal jurisdiction over the Defendant in his or her individual capacity." *Huskey v. Quinlan*, 785 F.Supp. 4, 5-6 (D.D.C. 1992); *see United States v. Hill*, 694 F.2d 258, 261 (D.C. Cir. 1982) ("Personal jurisdiction in a civil suit implies, among other things, either voluntary appearance by the defendant or valid service of process on him at the place where he may be found."); *Delgado*

*v. Fed. Bureau of Prisons*, 727 F.Supp. 24, 26 (D.D.C. 1989). Deference to plaintiffs' *pro se* status does not justify the exercise of jurisdiction over defendants who have not been served properly. Plaintiffs' request for a ruling to the contrary must be rejected.

In the alternative, plaintiffs ask for an extension of time to serve these defendants in their individual capacities. Pls.' Mot. ¶¶ 20-21. This request will be granted, and plaintiffs are afforded an additional 60 days to effect service on the defendants. However, plaintiffs' request that the United States Marshals effect service, *see id*. ¶ 21, will be denied. Because plaintiffs are not proceeding *in forma pauperis*, officers of the Court are not obligated to issue and serve process on plaintiffs' behalf under 28 U.S.C. § 1915(d).

In addition, the Court will deny plaintiffs' motions for sanctions and for an order requiring the Federal Bureau of Prisons to provide access to an electronic legal library. Defendants' timely motions for extensions of time to file an answer or other response to plaintiffs' complaint are not acts which warrant the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. And plaintiffs' demand for access to an "electronic legal library" so that they may access unpublished cases and cases published electronically will be denied, as defendants' counsel, as a courtesy, has supplied copies of these unpublished cases, and agrees to provide copies of any additional unpublished cases cited in the future. Defendants' Response to Plaintiffs' Motion for Access to Electronic Library at 2-3.

Accordingly, it is hereby

ORDERED that plaintiffs' motion to take judicial notice that defendants have been served in their individual capacities [Dkt. #8] is DENIED, and their motion to enlarge time to serve defendants [Dkt. #8] is GRANTED. The time to effect service is extended by 60 days from the date of entry of this Order. It is further

ORDERED that plaintiffs' motion for sanctions [Dkt. #9] is DENIED, and their motion requiring the Federal Bureau of Prisons to provide access to an electronic legal library [Dkt. #13] also is DENIED.

                                                     /s/
                                  REGGIE B. WALTON
                                  United States District Judge

Date: October 12, 2006