IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RODNEY DOGGETT, et al. §
　　Plaintiffs §
§
v. §　　Cause No. 06-0575 (RBW)
§
ALBERTO GONZALES, et al. §
　　Defendants §

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

　　We, Pro Se Plaintiffs, respectfully file this opposition to Defendants' motions to dismiss. Because we properly invoked 28 U.S.C. §1331, federal question, the court has subject matter over our lawsuit. Additionally, we have served Defendants in their inidividual capacity. Finally, because we have sufficiently stated a claim upon which relief can be granted, we ask the Court to deny all of Defendants' motions to dismiss. Alternatively, we ask the Court, if necessary, for leave to amend our complaint.

　　In support of this motion, we respectfully refer the Court to the attached memorandum of points and authorities.

　　WHEREFORE, we pray the Court denies Defendants' motions to dismiss. In alternative, if necessary, we ask for leave to amend our

October __17__, 2006.                                          Respectfully submitted,

*Rodney S. Doggett*
Rodney Doggett
#83059-080
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

*Gary Callahan*
Gary Callahan
#01628-196
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

PRO SE PLAINTIFFS

*Russell Kaemmerling*
Russell Kaemmerling
#04899-017
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

*Brian Culwell*
Brian Culwell
#66552-079
FCI Seagoville
P.O. Box 9000
    Seagoville, TX 75159

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY DOGGETT, et al,<br>Plaintiff<br><br>v.<br><br>ALBERTO GONZALES, et al<br>Defendant | §<br>§<br>§<br>§<br>§   Civil No. 06-0575 (RBW)<br>§<br>§<br>§ |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br>OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>

We, Pro Se Plaintiffs, respectfully submit this memorandum of points and authorities in support of our opposition to Defendants' motions to dismiss.

### A. Introduction

1. Plaintiffs are Rodney Doggett, Russell Kaemmerling, Gary Callahan and Brian Culwell, federal inmates incarcerated at F.C.I. Seagoville, Texas.

2. Defendants are United States Attorney General Alberto Gonzales; U.S. Representative F. James Sensenbrenner; Jay Apperson, Chief Counsel of the Judicial Subcommittee on Crime; Leonidas Mecham, Executive Office of the Courts; Donna Bucella, Executive Office of the United States Attorneys; Ricardo Hinjosa, Chairman United States Sentencing Commission; and United States Attorneys, Johnny Sutton and Chuck Rosenberg.

1

question." On this point, we agree with Defendants.

9.  Because we filed our suit pursuant to 28 U.S.C. §1331, the Court has federal question jurisdiction. Accordingly, the Court should deny Defendants' motion and retain the case on the docket.

12(b)(5) Service of Process

10. Defendants further seek dismissal claiming insufficiency of service of process. We ask the Court to deny Defendants' motion. Defendants' initial demands regarding their challenges to service of process, again, starkly represent their continued confused state and misapplication of law. Defendants correctly point out Rule 4(i)(2)(A) provides for service on an officer or employee of the United States sued in an official capacity. Defendants, however, quickly exclaim that former Defendants Paul Charlton and Gregory Miller, were never served in their official and individual capacity; therefore, "these Defendants should be dismissed."

11. We agree these two Defendants were never served. Because the Federal Rules of Civil Procedure, however, obviously confuse Defendants, we will explain our actions regarding these two Defendants. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), we voluntarily dismissed our claims against Defendants Charlton and Miller.

12. Rule 41 provides "by Plaintiff; an action may be dismissed

4

by the plaintiff <u>without</u> order of court, by filing notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." (emphasis added) Additionally, the Rule provides that unless otherwise stated, the dismissal is without prejudice. We filed our notice of dismissal before Defendants' answer. This issue is quite simple: "the plaintiff may dismiss some or all of the defendants, or some or all of his claims, through FRCP 41(a)(1) notice. The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subject of the notice. Unless otherwise stated, the dismissal is ordinarily without prejudice. . . Such a dismissal leaves the parties as though no action had been brought." See <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).

13.    Defendants asked for these Defendants to be dismissed when we already voluntarily dismissed these two Defendants pursuant to FRCP 41. Either Defendants cannot adequately read their files or they cannot comprehend the Rules of Civil Procedure.

14.    When the service of summons is defective or insufficient, the Court may dismiss the suit or quash the service. See <u>Adams v. Allied Signal Gen. Aviation Avionics</u>, 74 F.3d 882 (8th Cir. 1996). However, dismissal for defects and insufficiencies in the service of summons is disfavored and should be granted only on a showing of actual prejudice. See <u>Sanderford v. Prudential Ins. Co.</u>, 920 F.2d 897 (11 Cir. 1990). Of course, Defendants have not and cannot

establish any actual prejudice. Indeed, assuming insufficiency of service, Rule 4(i)(3) provides "the court <u>shall</u> allow a reasonable time to serve process for the purpose of curing the failure to serve." (emphasis added) In fact, we currently have a motion before the Court seeking reasonable time to cure any potential insufficiency in service of process.

15.     In this suit, the service of summons is not insufficient for we served Defendants pursuant to Rule 4(e). Defendants contend the "District Court will lack jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met. Even assuming Defendants' contentions are correct, Rule 4(i)(2)(B) provides that service on an officer or employee of the United States sued in an individual capacity . . . is effected by serving the United States [in manner prescribed by Rule 4(i)(1)] **and** by serving the officer or employee in the manner prescribed by Rule 4(e).

16.     We have served Defendants in their individual capacities pursuant to Rule 4(i)(1) <u>and</u> Rule 4(e). More specifically, we served Defendants, individually, pursuant to Rule 4(e)(1) which provides for service pursuant to the law of the state in which the district court is located. Accordingly, under District of Columbia Code §13-431, we properly served Defendants, individually, at their place of employment.

17.     As we presented to this Court in our motion seeking enlargement of time to serve Defendants, individually, (assuming

6

lack of service) District of Columbia Circuit law held Rule 4 is "primarily concernced with effectuating service." See <u>FTC. v. Compagnie de Saint-Gobain-Port-A-Mousson</u>, 636 F.2d 1301, 1312 (D.C. Cir. 1980). Defendants have consistenly argued for months they required numerous extensions of time to file their answers claiming they had not yet been authorized to represent Defendants individually. Ostensibly, having been duly authorized by the Department of Justice to represent Defendants individually, Defendants effectively now concede they have been served in their individual capacity.

18.    Finally, Defendants were not prejudiced by the alleged insufficiency in the service of summons. The Court, therefore, should deny Defendants' motion to dismiss. We ask, however, if the Court determines that there is an insufficiency in the service of the summons, for an opportunity to re-serve Defendants and we reiterate our current motion before the Court.

<u>12(b)(6) Stating a Claim</u>

19.    Defendants also seek dismissal pursuant to 12(b)(6) claiming we have not stated a claim upon which relief may be granted. Because our pleadings clearly state a claim, we ask the Court to deny Defendants' motion.

<u>Standard of Review</u>

7

20.     When considering Defendants' motion, the Court must construe the factual allegations in the complaint in the light most favorable to the plaintiffs. Barr v. Clinton, 370 F.3d 1196 (D.C. Cir. 2004). Only if no possible construction of the alleged facts will entitle Plaintiffs to relief should the Court grant Defendants' motion. See Hishon v. King & Spalding, 467 U.S. 69 (1984). If the factual allegations in our complaint support any legal theory that entitles to some relief, the Court should overrule Defendants' motion.

21.     This Circuit held in E.E.O.C. v. St. Francis Xavier Parochial School, 117 F.3d 621 (D.C. Cir. 1997), defendants must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citing Conley v. Gibson, citation omitted). The Court further stated "we must accept all factual allegations as true, and draw all inferences in the plaintiffs' favor." Id. As this Court surely knows, 12(b)(6) motions are disfavored and civil procedures rules and their policies are liberally construed. Moreover, 12(b)(6) motions cannot be used to resolve factual issues or the merits of the case. See Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995)(holding a motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiffs' right to any relief based on those facts).

22.     In this case, we alleged a cause of action for denial of right of access to the courts. Our right of access to the courts is clearly based on the United States Constitution. Additionally, case

8

law supports our rights. See e.g. Ryland v. Shapiro, 708 F.2d 967 (5th Cir. 1983). In response, Defendants claim their conduct is protected by various levels of immunity. For these reasons below, Defendants' contentions are wholly misplaced.

Immunity

23.   Defendants' argument assumes Defendants Mecham's and Hinojosa's titles as judges, alone, are dispositive on the issue of immunity. In other words, Defendants argue just because they are judges, any act they commit must always be protected by a shield of immunity. Defendants' argument assumes too much. Indeed, Defendants' arguments have never been supported by any authority. That a judge commits an act, any act, does not automatically follow his act is protected by an immunity doctrine. Moreover, Defendants' acts can hardly be considered "judicial acts." At most, Defendants committed "administrative acts." Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts. See Forrester v. White, 98 L.Ed.2d 555, 565 (1988). See also, Clinton v. Jones, 137 L.Ed.2d 945 (1997)(holding a judge's absolute immunity does not extend to actions performed in a purely administrative capacity).

24.   Forrester, quoted Ex parte Virginia, 25 L.Ed. (1880), which reasoned, "whether the act done by him was judicial or not is to be determined by its character, and not by the character of the agent." Thus, Defendants, at most performed an administrative act;

accordingly, their acts are not protected by a cloak of immunity. Accordingly, it is their very acts performed and not their status "judges" that controls. Additionally, none of Defendant's acts of blocking and denying our right of access to the courts even qualifies as an administrative act. Mecham and Hinjosa, wholly lack authority to commit such acts. See <u>Mireles v. Waco</u>, 116 L.Ed.2d 9 (1991)(holding a judge is not immune from liability for non-judicial acts or actions, though judicial in nature, taken in complete absence of all jurisdiction).

25.     Finally, notably, we also seek an order enjoining Defendants from their continual blocking of our access rights. As such, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his or her judicial capacity." <u>Pulliam v. Allen</u>, 80 L.Ed.2d 565 (1984)

26.     Defendants claim the Department of Justice attorneys are entitled to absolute immunity. Allowing the cloak of absolute immunity hides the rape of personal liberties and the violation of constitutional rights. For the Court to allow the continued practice of blatant violations of Plaintiffs constitutional rights of true and meaningful access to the courts would be an affront to the Constitution. They have sworn an oath to uphold and protect the Constitution, yet they ignore the Supreme Court's ruling of the unconstitutional application of law to our cases. "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the

10

government, from the highest to the lowest, are creatures of the law, and are bound to obey it." United States v. Lee, 27 L.Ed. 171 (1882). Furthermore, federal officials who seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope. See Butz v. Economou, 57 L.Ed.2d 895 (1978). Here, Defendants have not overcome this significant burden.

27.     In Harlow v. Fitzgerald, 73 L.Ed.2d 396 (1982), the Supreme Court held federal officers are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." A clear constitutional right was established by United States Supreme Court in U. S. v. Booker, 166 L.Ed.2d 21 (2005). Defendants' conduct absolutely violate the clear constitutional right in Booker. Surely, even the Defendants will not attempt to say they have not read this landmark case. As such, Defendants cannot enjoy the shield of immunity they desperately claim. Thus, Defendants' knowing violation of our constitutional rights destroys a defense of immunity. See Malley v. Briggs, 89 L.Ed.2d 271 (1986)(holding "as the qualified immunity defense has evolved, it provides protection to all but the plainly incompetent or those who knowingly violate the law) Defendants are either plainly incompetent or knowingly violated our legitimate right of access to the courts. We leave this question for this Honorable Court to decide.

28.     Regarding Defendants Sensenbrenner and Apperson, Defendants' argument is wholly specious. Sensenbrenner does not qualify for "legislative immunity" when acting beyond the scope of his elected position through intimidation seeking to influence the Courts in a sentencing matter. Accordingly, Defendants' reliance on the "speech and debate" clause is misplaced. See Gravel v. United States, 33 L.Ed.2d 583 (1972) which held the "speech and debate" clause has not been extended beyond the legislative sphere.

29.     Gravel, reasoned that a Member's conduct at a legislative committee hearings, may not be the basis for a civil or criminal judgment because the conduct is in the sphere of legitimate legislative activity. Id. In no way, can it be reasonably argued these Defendants' acts were within this "sphere" of protection. In fact, many authoritative people have called for an ethics investigation regarding these two Defendants' attempts to intimidate a sitting judge on a sentence matter. Moreover, Defendants' actions block and deny our right to access the courts.

30.     Defendants Sensenbrenner and Apperson would abandon all liberties and rights so long as it protects themselves while they attempt to hide behind a cloak of "immunity." Defendants' demands for immunity in the face of such egregious conduct would stand the immunity doctrine on its head; swallow the necessary exceptions; and otherwise pervert public accountability and engender open season for legislative corruption. It is hardly surprising to anyone, the only protection these Defendants support is one that

purports to give themselves blanket authority to act with impunity. Otherwise, these Defendants could care less about anyone rights, including ours. The Court should take the honorable step and deny Defendants a cover of immunity under these circumstances.

31. Defendant Sensenbrenner should be more careful: he may find himself someday in the unfortunate position of desperately seeking a right to access a court. Recent events show the critical importance of a legislator's zeal carried too far. Former Congressman, Mark Foley, recently said, "get ready we are going to make your life a living hell." (referring to online predators- a fight against that is a just and worthy cause) Now, of course, Mark Foley may regret his own words as he faces a potential criminal investigation.

32. The relevancy of Foley's acts highlight a critical point. That elected officials generally perform certain acts in their official capacity does not establish all of their acts are legislative in nature. Surely, no one would suggest that Mark Foley's acts, of tendering house votes while engaging in cyber sex conversations with a teenage boy, would qualify as a legislative act. Likewise, Sensenbrenner's and Apperson's obstruction of justice acts seeking to intimidate a sitting judge and further acts taken to insure we are denied legitimate access to the courts, though committed during their "legislative" roles, do not qualify as a legislative act.

33.     <u>Gravel</u> reasoned "that Senators generally perform certain acts in their official capacity as Senators does not necessarily make all such acts legislative in nature. Members of Congress are constantly in touch with the Executive Branch and with administrative agencies-they may cajole, and exhort with respect to the administration of a federal statute-but such conduct, though generally done, is not protected legislative activity." <u>Id</u>. The egregious and arrogant conduct of Sensenbrenner and Apperson cannot withstand scrutiny and should never be protected by "legislative" activity.

34.     We ask this Court to deny immunity for it is wholly inappropriate to extend protection to such Defendants for their blatant violation of our rights. It cannot be reasonably argued that Defendants Apperson and Sensenbrenner can lawfully use their positions to influence judicial matters outside of their official roles, and then hide behind a cover of legislative immunity. Such actions absolutely violate the separation of powers doctrine fundamental to our democratic republic. The immunity doctrine was never intended to extend to such action. See <u>Clinton v. Jones</u>, 137 L.Ed.2d 945 (1997).

35.     The immunity protection is for instances of mistakes or incidents such as perjurious testimony which led to fraudulently obtained results. The protection is not, however, blanket permission for Defendants to intentionally violate citizens' constitutional rights. Nowhere can their be a more fundamentally

14

compelling and basic right than a right of access to the courts. It has been said "there is no iron curtain between the prisons and courts in this country." Defendants' actions and their plea for immunity would, if allowed, erect such a barrier.

36. Because Defendants' acts do not qualify for immunity protection and our factual allegations do support a claim upon which relief can be granted, the Court should deny all basis for Defendants' motion and retain the case on the docket. In the alternative, if the court determines we have failed to state a claim, we ask the Court to grant leave to amend the complaint.

### C. Prayer

WHEREFORE, for all these reasons, we ask the Court to deny Defendants' motions to dismiss and retain our case on the docket. Alternatively, we ask for leave to amend where the Court may deem it necessary.

Respectfully submitted,

*[signature: Rodney S Doggett]*

Rodney Doggett
#83059-080
F.C.I. Seagoville
P.O. Box 9000
Seagoville, TX 75159

*[signature]*

Gary Callahan
#01628-196
F.C.I. Seagoville
P.O. Box 9000
Seagoville, TX 75159

PRO SE PLAINTIFFS

*[signature]*

Russell Kaemmerling
#04899-017
F.C.I. Seagoville
P.O. Box 9000
Seagoville, TX 75159

*[signature]*

Brian Culwell
#66552-079
F.C.I. Seagoville
P.O. Box 9000
Seagoville, TX 75159

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Plaintiffs' Opposition to Defendants' Motions to Dismiss was mailed first class mail, postage pre-paid to the addressee below, in accordance with Houston v. Lack, 487 U.S. 266 (1988), on 19 October 2006, by placing it in the receptacle marked for legal mail at FCI - Seagoville. 28 U.S.C. §1746.

*Russell Kaemmerling*
Russell Kaemmerling

Jeffrey A. Taylor
U.S. Attorney
555 Fourth St NW,
Washington, DC  20530