UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RODNEY DOGGETT, et al., §
Plaintiffs, §
§
§
v. § Civil Action No.:06-0575(RBW)
§
§
ALBERTO GONZALES, et al., §
Defendants. §
§

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' RESPONSE CONCERNING ACCESS TO ELECTRONIC LIBRARY

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Plaintiffs, et al, and hereby file this reply to Defendants' motion opposing Plaintiffs' access to an electronic law library.

### PARTIES

1. Plaintiffs are Rodney Doggett, Russell Kaemmerling, Gary Callahan and Brian Culwell, federal inmates incarcerated at FCI Seagoville, Texas. Defendants are United States Attorney General Alberto Gonzales; U.S. Representative James Sensenbrenner; Jay Apperson, Chief Counsel of the Judicial Subcommittee on Crime; Leonidas Mecham, Executive Office of the Courts; Donna Bucella, Executive Office of the United States Attorneys; Ricardo Hinjosa, Chairman United States Sentencing Commission; and United States Attorneys, Johnny Sutton and Chuck Rosenberg.

## ARGUMENT

2. The Defendants oppose Plaintiffs' request for access to electronic law library even when there is no harm to the Defendants. Defendants do not have any reason to oppose Plaintiff's motion for access to an electronic law library except to keep Plaintiffs at a distinct disadvantage in the litigation at bar. It serves no purpose to oppose Plaintiffs motion. The Defendants do offend the fundamental fairness which is an inherent component in our legal system by opposing the motion that does nothing but even the playing field on the issue of researching the law. It would seem that the Defendants would welcome a change which would benefit all parties by allowing everyone to use the most up to date law.

3. The Defendants rely on <u>Bounds v Smith</u>, 430 U.S. 817 (1977) for support of their argument. Defendants' reliance is misplaced. <u>Bounds</u> was decided before computers were used. Today the computer is used in almost every aspect of the legal profession. The Supreme Court could not have foreseen the widespread and necessary use of computers in today's litigation.

4. The technology in the courts today have created a situation which allows almost unlimited access to court decision which can be used in research for litigation. Unlike the pre-computer era where the cases were split into the different categories of "published" or "unpublished" cases, the cases that were unpublished could not be

cited as authority because these cases were not available to everyone. Historically, the unpublished were viewed as a portion of the case law only available to the courts.

5. The courts operate completely different with computers. The vast majority of all records and cases (published and unpublished) are available On-Line. Because of the advances in technology the courts are allowing litigants to use what used to be unpublished cases. This practice can be seen by the Defendant's use of unpublished cases in their briefs. Plaintiffs do not have access to computers therefore cannot research these unpublished cases.

6. Defendants have notified the Court that, "in the future they would be providing Plaintiffs with a copy of any unpublished cases they use". When Defendants make statements such as this it shows their disregard for the fundamental fairness built into the adversarial process. Plaintiffs need to have access to research the unpublished cases and other legal research material available by computer. It is not enough just to be able to read the Defendant's research. Defendants enjoy such a huge advantage already that it is outrageous for them to oppose such a simple request for access to an electronic law libraries so Plaintiffs could at least be able to read the research being used against them. Defendants claim Plaintiffs have adequate access now because of Plaintiffs' current filing, but this claim lacks any credibility because Defendants are aware of the limited resources available to Plaintiffs. Litigation like this could be compared to tying a man's (prisoner) hands behind

his back and putting him in the ring with a professional boxer (Defendants), ringing the bell, slapping him (prisoner) on the back and saying, "Get in there and get'um, boy!" Although the Defendants would enjoy such a one sided fight, it does not serve justice. To allow the Defendants to prevail in their opposition will further demonstrate the Defendants ability to deprive Plaintiffs of true and meaningful access to the courts.

7. Plaintiffs are only asking for access to electronic research material so they can fulfill their duty to the court by submitting the current and controlling law on the issues raised in their filings. The Court requires litigants, even pro se prisoners, to submit their filings supported by current law. The Defendants' advantage in prisoner litigation will not be harmed by inmates having access to electronic law libraries. The Defendants motion should not be granted because they will not suffer any disadvantage or harm.

## CONCLUSION

WHEREFORE all things considered Plaintiffs pray the Court deny Defendants' motion in opposition of Plaintiffs access to an electronic law library.

Respectfully Submitted,

*(signature)*
Rodney S. Doggett
83059-080
P.O. Box 9000
Seagoville, Texas 75159

*(signature)*
Gary Callhan
01628-196
P.O. Box 9000
Seagoville, Texas 75159

*(signature)*
Russell Kaemmerling
04899-017
P.O. Box 9000
Seagoville, Texas 75159

*(signature)*
Brian Culwell
66552-079
P.O. Box 9000
Seagoville, Texas 75159

PRO SE PLAINTIFFS