UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODNEY DOGGETT**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 06-0575 (RBW) |
| ) | |
| v. ) | |
| ) | |
| **ALBERTO GONZALES**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Federal Defendants, United States Attorney General Alberto Gonzales; United States Congressman James Sensenbrenner; Jay Apperson[1]; James C. Duff, Director, Administrative Office of the U.S. Courts[2]; Leonidas R. Mecham, Former Director, Administrative Office of the U.S. Courts; Mike A. Battle[3], Director, Executive Office for the U.S. Attorneys; Johnny Sutton, U.S. Attorney for the Western District of Texas; Donald J. DeGabrielle, Jr.[4], U.S. Attorney for the Southern District of Texas; Paul K. Charlton, U.S. Attorney for Arizona; Gregory Miller, U.S. Attorney for the Northern District of Florida; and United States District Judge Ricardo H. Hinojosa, Chairman, United States Sentencing Commission, by and through undersigned

---

[1] Jay Apperson is a former Chief Counsel of the Judiciary Subcommittee on Crime, Terrorism and Homeland Security.

[2] James C. Duff has been substituted for Leonidas R. Mecham in official capacity only as the current Director of the Administrative Office of the U.S. Courts.

[3] Mike A. Battle has been substituted for Donna Bucella in official capacity only as the current Director of the Executive Office of U.S. Attorneys.

[4] Donald J. DeGabrielle, Jr. has been substituted for Charles Rosenberg (current U.S. Attorney for E.D. Virginia) in official capacity only as the U.S. Attorney for the Southern District of Texas.

counsel, respectfully submit a Reply in support of Defendants' Motion to Dismiss.  ("Def's. Motion").[5]

Plaintiffs' opposition, in summary, argues that (1) the court has subject matter jurisdiction over the defendants; (2) that plaintiffs properly served the defendants in their official and individual capacity, (Pl.'s Opp'n at p. 1); and (3) that plaintiffs have sufficiently stated a claim. (Pls.' Opp'n at p. 1)

Plaintiffs, however, have failed to provide any basis to rebut defendants' arguments that their complaint suffers from numerous fatal deficiencies and should be dismissed.

A.  **Plaintiffs Have Not Perfected Proper Service Against the Individual Federal Defendants**

Plaintiffs have failed to perfect proper service on the individually-sued defendants. Because Bivens suits are suits against government officials in their individual, rather than their official capacities, personal jurisdiction over the individual defendants is a necessary prerequisite for this Court to entertain a Bivens claim against them.  See Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Simpkins v. District of Columbia

---

[5]Defendants Alberto Gonzales, James Sensenbrenner, Jay Apperson, Leonidas Mecham, Mike A. Battle, Johnny Sutton, Donald DeGabrielle, Jr., and Judge Ricardo H. Hinojosa appear in their official capacities only.  None of these defendants have been served personally and do not appear to be party in their personal capacity at this time.  Defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

Donna Bucella is no longer employed by her respective agency and has been replaced in her official capacity pursuant to Fed. R. Civ. Proc. 25(d).  Chuck Rosenberg, now the current U.S. Attorney in the Eastern District of Virginia has also been replaced in his official capacity. Service has not been made upon these individuals in their individual capacity and they do not appear to be party in their personal capacity at this time.

Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980). Defendants do not concede that they have been individually served by the plaintiffs in this case as erroneously stated by plaintiffs in their opposition. See Opp. p. 7.

In this case, plaintiffs served the individual defendants at their place of employment via U.S. mail, not with someone authorized to accept service for them in their individual capacities. Service at the defendants' place of employment is not proper service. The docket shows that the Clerk of the Court issued a summons for each defendant on March 29, 2006. See Dkt. Entry 3/29/06. As stated in the Court's Order dated October 12, 2006, service on a federal government employee sued in his or her individual capacity requires personal service. See Order, Dkt. Entry 17; see also Fed.R.Civ.P. 4(e), (*i*)(2)(B); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997). In a Bivens claim, personal service of process upon the defendants is

3

necessary to obtain personal jurisdiction over the defendants in their individual capacities. Huskey v. Quinlan, 785 F. Supp. 4, 5-6 (D.D.C. 1992); United States v. Hill, 694 F.2d 258, 261 (D.C. Cir. 1982).  Deference to plaintiffs' pro se status does not justify the exercise of jurisdiction over defendants who have not been served properly.  See Order, Dkt. Entry 17, p. 3. The plaintiffs have already been granted an additional 60 days by this Court, essentially until December 12, 2006 to effect service on the defendants.  Id.  Failure to effect service by that date should result in dismissal of all claims against the federal defendants in their individual capacities.

### B.    Defendants are Entitled to Absolute Immunity

Even if plaintiffs were to properly effect service upon the federal defendants, the claims against the defendants must still be dismissed because the federal defendants are entitled to absolute immunity.  Mireles v. Waco, 502 U.S. 9 (1991); Cleavinger v. Saxner, 474 U.S. 193 (1985); Butz v. Economou, 438 U.S. 478, 508-09 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 247-48 (1872)); Pierson v. Ray, 386 U.S. 547, 553-54 (1967).

Any claim that plaintiffs may be seeking to assert against members of the judiciary are barred by absolute judicial immunity.  This includes defendants Leonidas R. Mecham, Former Director, Administrative Office of the U.S. Courts and United States District Judge Ricardo H. Hinojosa, Chairman, United States Sentencing Commission.

Similarly, the Department of Justice attorneys Johnny Sutton, Donald DeGabrielle, Jr., and Mike Battle against whom plaintiffs seek to affix liability, are entitled to absolute immunity for claims arising from their official duties.  For most officials, immunity is qualified rather than absolute when the claim is based on the Constitution.  Butz v. Economou, 438 U.S. 478 (1978).

However, there are some officials whose special functions require absolute immunity regardless of the nature of the alleged violation.

The Supreme Court has long recognized an absolute immunity for prosecutors from personal liability for actions related to the performance of their public duties.  See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Yaselli v. Goff, 275 U.S. 503 (1927).

If the Court should conclude for any reason that the Department of Justice attorneys are not entitled to absolute immunity, then they are nevertheless entitled to qualified immunity. Burns, 111 S. Ct. at 1939.  In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court held that federal officers are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Id. at 818; accord Conn v. Gabbert, 119 S. Ct. 1292, 1295 (1999); Crawford-El v. Brittin, 523 U.S. 574 (1998); McSurley v. McClellan, 697 F.2d 309, 316 (D.C. Cir. 1982); Krohn v. United States, 742 F.2d 24 (1st Cir. 1984); Davis v. Scherer, 486 U.S. 183, 191 (1984).

Finally, Congressman Sensenbrenner and Mr. Apperson are entitled to absolute immunity from suit under the United States Constitution's Speech or Debate Clause, U.S. Const. art. I, § 6. cl. 1.

    **C.**    **Plaintiffs Have Failed to State a Claim**

Due to the numerous fatal procedural deficiencies in plaintiffs' complaint, the Court need not go further than these deficiencies in dismissing the complaint.  Defendants have filed a motion to dismiss asserting a variety of defenses, including failure to effect proper service on the defendants, absolute immunity, lack of subject matter jurisdiction, and failure to state a claim

within the jurisdiction of the Court. Because the defendants are immune from suit, the Court has no personal jurisdiction over them. However, should the court inquire into the allegations raised by the plaintiffs, defendants state that plaintiffs have failed to provide any factual basis which would indicate that defendants violated their constitutional rights. A pro se complaint, like any other, must state a claim upon which relief can be granted by the court. Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (citing Crisafi v. Holland, 655 F.2d 1305, 1308).

    Plaintiffs have suggested that they be allowed to amend their complaint at this time. However, amending the complaint will not change the procedural deficiencies cited by the defendants in their motion to dismiss. The Court may deny a motion to amend a complaint as futile where "the proposed claim would not survive a motion to dismiss." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## Conclusion

    Because defendants have not been properly served in their individual capacities and are entitled to absolute immunity, the Court should dismiss this action due to fatal procedural flaws. Plaintiffs have presented no evidence to overcome the numerous deficiencies in their complaint.

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

___/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 307-1249; (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

_____ I certify that on the 1st day of November, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

Rodney Doggett
Reg. No. 83059-080
P.O. Box 9000
Seagoville, TX  75159

Rodney Doggett
Reg. No. 83059-080
P.O. Box 8000
F.P.C. La Tuna
Anthony, TX  88021

Gary Callahan
Reg. No. 01628-196
P.O. Box 9000
Seagoville, TX  75159

Russell Kaemmerling
Reg. No. 04899-017
P.O. Box 9000
Seagoville, TX  75159

Brian Culwell
Reg. No. 66552-079
P.O. Box 9000
Seagoville, TX  75159

         ____/s/_____
         John F. Henault
         Assistant United States Attorney