IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RODNEY DOGGETT, et al.,

    Plaintiffs

vs.

ALBERTO GONZALES, et al.,

    Defendants

No. 1:06CV00575 (RBW)

## PLAINTIFFS' MOTION FOR IN FORMA PAUPERIS TO SERVE DEFENDANTS, INDIVIDUALLY

TO THE HONORABLE JUDGE OF SAID COURT:

We Plaintiffs, Pro Se, file this motion and ask the Court to grant in forma pauperis to serve Defendants in their individual capacities.

We sued Defendants, inter alia, for violating a constitutional right of access to the courts. We sued Defendants, officially, and in their individual capacties.

Notwithstanding we effected service of process on Defendants, officially and individually, Defendants have complained we have not served them in their individual capacity. Notably, Defendants (in their latest pleading) conceded the laws of the District of Columbia allow for the type of service we effected on the Defendants individually. Moreover, Defendants have acknowledged FRCP 4 allows for personal service to be effected according the to law of the state (district) where the action is filed.

1

We responded to Defendants' motions establishing personal service on the Defendants, individually. In the alternative, we also asked the Court to allow us additional time to effect service of process on individual Defendants.

The Court, without expressly ruling on the disputed issue of service, granted us our requested sixty (60) days to serve Defendants individually.

Upon receiving the Court's order granting us sixty days to serve the defendants, and consistent with the Federal Rules of Civil Procedure, we immediately sent a "Notice of Lawsuit and Request for Waiver of Summons along with a Waiver of Summons, to the Defendants in their individual capacity. We requested waiver of summons as authorized by Federal Rule of Civil Procedure 4. (See Exhibit "A")

We sent the request for waiver of summons to Defendants, as allowed by Rule 4 and case law, to any place the Defendants may be found. Accordingly, we also sent the request for waiver of summons to Defendants' counsel. While counsel cannot be expected to accept service of process on behalf of a client absent consent, certainly the office of Defendants' counsel is a place where Defendants may be found.

Defendants have in fact received our request for waiver of service. Notwithstanding Defendants' duty under FRCP 4 to waive

formal summons process, absent good cause, and save us the expense of formal service, Defendants have refused to waive service.

Despite all of our efforts, we have not been able to secure the private residential address of Defendants for service in their individual capacity.

We are all incarcerated and do not have any funds to pay the expense of hiring an investigator to obtain Defendant's private residential addresses.

We ask the Court to grant in forma pauperis status to pay a Court-appointed investigator to obtain Defendant's residential addresses. Once the addresses are secured, we ask the Court grant in forma pauperis status to pay the process server. As the Court is aware, there are several Defendants. The cost of an investigation securing the Defendants' private residential addresses and the process server's fee and expenses will easily exceed several hundred dollars.

Alternatively, we ask the Court to appoint the U.S. Marshall's office to obtain Defendant's private residential addresses and to serve the Defendants in their individual capacity.

We strongly believe Defendants, individually and officially, have violated our legitimate right of access to the Courts. For twenty plus years, the Government has aggressively used an

unconstitutional sentencing scheme incarcerating citizens, including us. Any sentence scheme that allows for a person to be sentenced on, among other things, acquitted conduct should have never passed constitutional muster. An additional example of the unjust nature of the Federal Sentencing Guidelines (among other things, our complaint seeks access to the courts to present such challenges) is the disparity known as the "powder" vs. "crack" distinction. (A person sentenced for an offense involving powder cocaine received a shorter sentence than one convicted of a "crack" offense) Such a distinction is a travesty and fosters widespread disrespect for our system of "justice."

Defendants, despite actual service of process and actual notice of the lawsuit, argue we have not served them individually. Now, Defendants seek to further evade responsibility by evading personal service at their residences. Defendants have consistently argued we must serve them at their private, personal homes. Accordingly, we require their private residential addresses. Having ignored our request for waiver of summons, and refusing to waive summons, Defendants' actions continue to effectively deny us the opportunity to have our complaint heard in this Honorable Court. Defendant's continued denial actions and evasion of service of process are should be a disgrace before this Court. Defendants' actions are typical governmental conduct to procedurally bar our access to the courts. Ironically, Defendants' arrogant action come in a lawsuit for denial of access to the courts.

WHEREFORE, we pray this Honorable Court grant us in forma pauperis to pay an investigator and process server for service of process on Defendants in their individual capacities. Alternatively, we request the Court order the U.S. Marshall's office serve the Defendants individually.

Respectfully submitted,

*[signature: Rodney S. Doggett]*

Rodney Doggett
#83059-080
P. O. Box 9000
Seagoville, TX 75159-9000

*[signature: Russell Kaemmerling]*

Russell Kaemmerling
#04899-017
P. O. Box 9000
Seagoville, TX 75159-9000

*[signature: Gary Callahan]*

Gary Callahan
#01628-196
P. O. Box 9000
Seagoville, TX 75159-9000

*[signature: Brian Culwell]*

Brian Culwell
#66552-079
P. O. Box 9000
Seagoville, TX 75159-9000

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RODNEY DOGGETT, et al.　§
　　　　　　　　　　　　　§
　　Plaintiffs　　　　　　§
　　　　　　　　　　　　　§
v.　　　　　　　　　　　　§　　No. 06-0575 (RBW)
　　　　　　　　　　　　　§
ALBERTO GONZALES, et al.　§
　　　　　　　　　　　　　§
　　Defendants　　　　　　§

## NOTICE OF LAWSUIT & REQUEST FOR WAIVER OF SERVICE

TO: _____, in your individual capacity.

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Columbia and has been assigned docket number 06-0575 (RBW).

This is not a formal summons or notification from the Court, but rather our request that you sign and return the enclosed waiver of service to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if we receive a signed copy of the waiver within thirty (30) days after the date designated below as the date when this notice was sent. We enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the waiver, it will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before the sixty (60) days from the date designated below

as the date when this notice was sent.

If you do not return the signed waiver within the time indicated, we will take the appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to to require you to pay the full costs of formal service. In connection with that, please read the statement about the duty of parties to waive the service of summons, which is set forth on the enclosed waiver form. Finally, we note this notice and request for waiver may be addressed to you wherever you may be found. There is no requirement that it go to your residence or place of business. See <u>Siegel</u>, 151 F.R.D. 441, 448 (1994).

We affirm that this request is being sent to you on _____, 2006.

_____
Rodney Doggett
#83059-080
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

_____
Gary Callahan
#01628-196
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

_____
Russell Kaemmerling
#04899-017
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

_____
Brian Culwell
#66552-079
FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159

PRO SE PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RODNEY DOGGETT, et al. §
§
　　Plaintiffs §
§
v. § No. 06-0575 (RBW)
§
ALBERTO GONZALES, et al. §
§
　　Defendants §

## WAIVER OF SERVICE OF SUMMONS

TO: Rodney Doggett, Russell Kaemmerling, Gary Callahan and Brian Culwell, Pro Se Plaintiffs.

I acknowledge receipt of your request that I waive service of summons in the action of Rodney Doggett, et al. vs. Alberto Gonzales, et al., which is cause number 06-0575 (RBW) in the United States District Court for the District of Columbia. I have also received two copies of the complaint in the action and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Federal Rule of Civil Procedure 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Federal Rule of Civil Procedure 12 is not served upon you within sixty days from the date the notice and

request for waiver was sent.

Signed on _____, 2006.


_____
Defendant

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Federal Rule of Civil Procedure 4(d)(2) requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. See Fed. R. Civ. P. 4(e)(f)(h). Although the United States is not expected to waive service under the Federal Rules of Civil Procedure, you are not excused because you are a mere officer or employee of the Government. You have been sued in your individual capacity. Accordingly, as an individual, you are also expected to waive summons. After being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, a defendant located in the United States who fails to do so will be required to bear the costs of service unless good cause is shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint may be unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiffs a response to the complaint and must also file a signed copy of the response with the

court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Plaintiff's Motion for In Forma Pauperis to Serve Defendants Individually, was mailed first class mail, postage pre-paid to the addressee below, in accordance with Houston v. Lack, 487 U.S. 266 (1988), on 17 November 2006, by placing it in the receptacle marked for legal mail at FCI - Seagoville. 28 U.S.C. §1746.

*[signature]*
Russell Kaemmerling

FOR ALL PLAINTIFFS


Kenneth Wainstein
U.S. Attorney
555 Fourth St NW,
Washington, DC  20530