IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RODNEY DOGGET, RUSSELL KAEMMERLING §
GARY CALLAHAN and BRIAN CULWELL §
§
    Plaintiffs §
§
v. § Case Number: 1:06CV00575
§
ALBERTO GONZALES, et al §
§
    Defendants §
§

PLAINTIFF RUSSELL KAEMMERLING'S MOTION FOR
RELEASE ON BOND PENDING RESOLUTION
IN THE ABOVE CAPTIONED ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES PLAINTIFF RUSSELL KAEMMERLING, pro se, co-plaintiff in the captioned case and moves this honorable court for release on bond pending resolution of the issues at bar.

## FACTS

1.     Russell Kaemmerling, together with co-plaintiffs Rodney Doggett, Brian Culwell and Gary Callahan filed the instant case on March 29, 2006. The Plaintiffs seek access to the courts for the redress of a constitutional violation in each of their individual cases.

2.     Plaintiff Kaemmerling was indicted in May, 2000 on one count of Conspiracy in violation of Title 18 U.S.C. § 371; four counts of Wire Fraud in violation of Title 18 U.S.C. § 1343; and fourteen counts of Interstate Transportation of Money Knowingly Taken by Fraud in violation of Title 18 U.S.C. § 2314.

3.     Plaintiff exercised his Sixth Amendment constitutional right to a trial

RECEIVED
MAY 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

by jury. After a twelve day trial Plaintiff was found guilty on all counts. Calculating the sentence using the United States Sentencing Guideline (U.S.S.G.) scheme in effect at that time, the maximum sentence that could be imposed, based solely on the jury's verdict, was 41 months.

4.      At sentencing in November, 2000, five months after the ruling in Apprendi v. New Jersey, 530 U.S. 466 (June, 2000), the judge, using the sections of the U.S.S.G. declared to be unconstitutional, imposed an additional 79 months for a total sentence of 120 months. Plaintiff's counsel raised the constitutional objection in both a sentencing memorandum and in oral presentation at sentencing.

5.      Plaintiff self-surrendered on 21 May 2001 to the Bureau of Prisons and has now been incarcerated for 72 months, 31 months longer than is legal under the constitution.

ARGUMENT

6.      In U.S. v. Blakely, 542 U.S. 296 (2004) and U.S. v. Booker 543 U.S. 220 (2005), the Supreme Court ruled that any fact used to increase a sentence in a mandatory guideline scheme be either found by a jury using the beyond a reasonable doubt standard, or pled to in a plea agreement.

7.      The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) with its time restrictions on filing, foreclosed Plaintiff's access to the courts to remove the unconstitutional aspects of his sentence. The courts are aware of this denial of access, but have continued to procedurally bar Plaintiffs' access to the courts for a ruling on the merits and the correction of their sentences.

8.      Prior to the passage of AEDPA there had been only one brief period when the constitutional right of access to the courts was suspended. That occurred during the Civil War when President Lincoln suspended the Writ of Habeas Corpus.

9.      Now, however, Plaintiff Kaemmerling remains incarcerated under an

unconstitutionally imposed sentence which was challenged at sentencing and he continues to be denied access to the courts to remove the unconstitutional portions of his sentence. He seeks release on bond until this honorable court corrects the injustice by providing access to the courts for removal of the unconstitutionally imposed aspects of the sentence.

10.    Without bond, and considering the delays inherent in litigation such as this, it is quite possible that Plaintiff could win the instant case, but have passed the time to receive the benefit of the ruling.

11.    As the D.C. Circuit Court has pointed out, "The right of a criminal defendant are in some sense the most basic of all, since what is at stake is no less than the freedom to be free." U.S. v. Thompson, 452 F.2d 1333, 1340 (D.C. Cir. 1971).

12.    Plaintiff Kaemmerling seeks release on personal recognizance bond pending the successful conclusion of the instant case in order to receive the benefit of the correction of an unconstitutionally imposed sentence, declared to be unconstitutional by the Supreme Court.

PLAINTIFF KAEMMERLING MEETS DC
STANDARDS FOR RELEASE ON BOND

13.    The D.C. Circuit has stated its standards for release on bond pending appeal in United States v. Stanley, 469 F.2d 576, 580 (D.C. Cir 1972). Though the instant case is not an appeal, the facts and circumstances are similar and the potential results not unlike those of one seeking appeal from conviction. It cites to Title 18 U.S.C. § 3142(b) which states in part that bond may be considered when it can be shown that the person is not likely to flee or pose a danger to the

3

safety of any other person or the community if released; that the action is not for the purpose of delay; and the action raises a substantial question of law likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

14.     In Stanley the court also stated other considerations in making the determination included: the nature and circumstances of the offense; Plaintiff's family ties, employment status, financial resources, character and mental condition; the length of his residence in the community; any prior criminal record; and any flight or failures to appear in court proceedings.

15.     Plaintiff Kaemmerling is not likely to flee or pose a danger to the safety of any person, or the community. His ties to the community are strong. He has five children and seven grandchildren. All but one of his children live in the immediate area of release. He has good relationships with his entire family. He was active in his church serving as a deacon and Bible study teacher at the time of his incarceration.

16.     Plaintiff Kaemmerling had no previous criminal history and the crime for which he is incarcerated is a non-violent crime.

17.     Plaintiff surrendered for his arrest by agreement with the United States Attorney's Office at the Marshal's office in the Federal Court House in Pensacola, Florida, on June 20, 2000. He had his initial appearance and arraignment that same day and was released on a personal recognizance bond with no travel restrictions whatsoever in the 48 contiguous states. He remained in that same status through trial, conviction, sentencing and until he self-surrendered eleven months later, on May 21, 2001 to begin serving his prison sentence. During his previous release on bond, Plaintiff Kaemmerling reported to his probation officer on each required occasion. He never missed a court date, nor was he ever late. With the availability of electronic surveillance and the possibility of home confinement,

Mr. Kaemmerling poses no greater risk of flight than before.

18.     While incarcerated, Plaintiff has received no disciplinary action and has received positive marks by his work supervisors. He has already completed all required Release Preparation classes. Additionally, he helped design, and is currently teaching, five classes in the Education Department in the area of entrepreneurship and teaches by invitation of the Psychology Department in the Residential Drug Abuse Program on the topics of personal fiancance and life significance.

19.     While incarcerated Plaintiff has completed a 4,000 hour paralegal course which is endorsed by, and under the supervision of, the Department of Labor and has received his certification in that field.

20.     Plaintiff is 58 years old, an age which statistics show has a near 0% recidivism rate, especially for first time offenders.

21.     This instant action is obviously not for the purpose of delay since Plaintiff is already incarcerated. An adverse decision would simply return Plaintiff to prison to complete his sentence, but a release on bond pending adjudication of the issues avoids otherwise irreperable harm. Not granting the release on personal recognizance bond would cause irreperable harm if the case is decided in Plaintiff's favor since he is currently serving the unconstitutional portion of his sentence. "Our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198 (2001).

22.     The instant case involves Plaintiff's right to only be incarcerated for facts found by a jury, or pled to in a plea agreement, the right to be free from incarceration due to a constitutionally infirm sentence.

CONCLUSION

5

23.     Plaintiff is incarcerated pursuant to a sentence imposed in violation of the constitution of the United States. He is barred from courts on procedural grounds for the redress of his grievance. The instant action was filed pursuant to 28 U.S.C. § 1331 & § 1346, a federal question of law. Specifically, the jurisdiction of this honorable court has been invoked to secure protection and redress deprivation of rights guaranteed by the U.S. Constitution, including the right of access to courts arising under the Privileges and Immunities Clause, Article IV, section 2 of the U.S. Constitution; the First, Fourth, Fifth and Sixth Amendments to the U.S. Constitution.

24.     Plaintiff comes to this honorable court seeking release on personal recognizance bond pending the adjudication of the issues in this case to prevent further irreperable harm since he is now serving the constitutionally infirm portion of his sentence.

PRAYER

WHEREFORE, Plaintiff prays the court issue an order releasing Plaintiff on his own personal recognizance pending the outcome of the instant case. In the alternative Plaintiff prays the court assign him to a halfway house, or to home confinement, where he would receive structured supervision and restrictions, but would be provided a level of freedom closer to what he should have and which would provide an orderly transition back into society.

It is so prayed may it be so ordered.

Respectfully submitted,

*[signature]*

Russell Kaemmerling, pro se
04899-017
P. O. Box 9000
Seagoville, TX 75159-9000