# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RODNEY DOGGETT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | No.: 06-0575 (RBW) |
| ) | |
| v. ) | |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF KAEMMERLING'S MOTION FOR RELEASE ON BOND PENDING RESOLUTION OF THIS ACTION**

Plaintiffs filed this action on March 29, 2006 against United States Attorney General Alberto Gonzales; United States Congressman James Sensenbrenner; Jay Apperson[1]; James C. Duff, Director, Administrative Office of the U.S. Courts[2]; Leonidas R. Mecham, Former Director, Administrative Office of the U.S. Courts; Mike A. Battle[3], Director, Executive Office for the U.S. Attorneys; Johnny Sutton, U.S. Attorney for the Western District of Texas; Donald J. DeGabrielle, Jr.[4], U.S. Attorney for the Southern District of Texas; Daniel G. Knauss, U.S.

---

[1] Jay Apperson is a former Chief Counsel of the Judiciary Subcommittee on Crime, Terrorism and Homeland Security.

[2] James C. Duff was substituted for Leonidas R. Mecham in official capacity only as the current Director of the Administrative Office of the U.S. Courts.

[3] Kenneth E. Melson, is hereby substituted for Mike A. Battle, who was previously substituted for Donna Bucella in her official capacity only as the current Director of the Executive Office of U.S. Attorneys.

[4] Donald J. DeGabrielle, Jr. was substituted for Charles Rosenberg (current U.S. Attorney for E.D. Virginia) in official capacity only as the U.S. Attorney for the Southern District of Texas.

Attorney for Arizona[5]; Gregory Miller, U.S. Attorney for the Northern District of Florida; and United States District Judge Ricardo H. Hinojosa, Chairman, United States Sentencing Commission, in their individual capacities seeking "redress of a constitutional violation." Pltf Kaemmerling's Motion for Release ¶ 1. In their official capacities only, defendants filed a motion to dismiss plaintiffs' claims on September 27, 2006.

Plaintiff Russell Kaemmerling has now filed a motion for release on bond pending the resolution of this action, asserting that he meets the requirements for bond in the District of Columbia and, therefore, should be ordered released by this Court. Plaintiff Kaemmerling's motion is legally deficient and, therefore, should be denied.

## ARGUMENT

### I. PLAINTIFF KAEMMERLING MAY NOT CHALLENGE THE VALIDITY OR DURATION OF HIS SENTENCE UNTIL HE FIRST PREVAILS ON HABEAS

In this Circuit, it is beyond dispute that a plaintiff may not maintain an action challenging the validity or duration of his sentence until he first prevails on habeas. See Razzoli v. Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000) (plaintiff may not maintain Privacy Act claim challenging the good time credits or parole eligibility until he prevailed on habeas); Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988) (en banc) (habeas is the exclusive remedy even when a non-habeas claim would have a merely probabilistic impact on the duration of custody). See also Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff Kaemmerling's motion seeks to challenge the duration and validity of his

---

[5] Daniel G. Knauss is hereby substituted for Paul K. Charlton, the former U.S. Attorney for Arizona, in his official capacity.

sentence – he requests that this Court order him released pending the outcome of this challenge. Plaintiff may not maintain such a claim unless and until her prevails on a <u>habeas</u> challenge to his sentence, something he has not yet done. Thus, plaintiff Kaemmerling's motion should be denied in whole.

II.    **EVEN IF THIS COURT WERE TO CONSIDER PLAINTIFF'S REQUEST FOR RELEASE, THIS COURT SHOULD RESOLVE DEFENDANTS' DISPOSITIVE MOTION**

As explained in defendants' motion to dismiss plaintiffs' claims, this action is fundamentally flawed and should be dismissed. Thus, even if this Court were inclined to consider plaintiff Kaemmerling's motion for release, this Court should resolve defendants' motion to dismiss prior to considering the motion for release. Should the Court do so, it will be clear that plaintiffs cannot succeed in ths action and, therefore, releasing plaintiff Kaemmerling pending resolution of this action would not be appropriate.

## <u>CONCLUSION</u>

For the reasons set forth herein, this Court should deny plaintiff Kaemmerling's motion for release pending resolution of this action.

June 11, 2007                                    Respectfully submitted,


    /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


    /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 11, 2007, I caused service of the foregoing to be made on the *pro se* plaintiffs:

Rodney Doggett
Reg. No. 83059-080
P.O. Box 9000
Seagoville, TX 75159

Gary Callahan
Reg. No. 01628-196
P.O. Box 9000
Seagoville, TX 75159

Russell Kaemmerling
Reg. No. 04899-017
P.O. Box 9000
Seagoville, TX 75159

Brian Culwell
Reg. No. 66552-079
P.O. Box 9000
Seagoville, TX 75159

```
      ___/s/_____
      JOHN F. HENAULT, D.C. Bar # 472590
      Assistant United States Attorney
```