RECEIVED
JUN 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY DOGGETT, et al<br><br>   Plaintiff<br><br>v.<br><br>ALBERTO GONZALES, et al,<br><br>   Defendant | § § § § § § § § § § § §   No: 06-0575 (RBW) |

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF KAEMMERLING'S
MOTION FOR RELEASE ON BOND PENDING RESOLUTION OF THE ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF RUSSELL KAEMMERLING and replies to the Government's opposition to Plaintiff's Motion for Release on Bond.

Defendant filed its response to Plaintiff Kaemmerling's Motion on June 11, 2007. Plaintiff was served with the response on June 15, 2007. Defendant's made deliberate attempts to mislead the Court by citing irrelevant case law, mistating the proper conclusion of the Court in the cases cited and misrepresenting the issues of the underlying cause of action.

The instant case is factually distinguishable from the cases cited by Defendant. In Razzoli v Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir 2000) the Appellant challenged the procedural deficiences in considering him for parole eligibility. He sought declaratory relief and damages for his loss of good time credit and postponement of parole eligibility without first proceeding in habeas. Since habeas is the procedure to challenge the validity or conditions of confinement the Court was correct in requiring habeas filing prior to a civil suit. There is simply no relationship between the instant case and Razzoli. Plaintiff, by this action, is seeking the removal of the procedural barriers that prevent his seeking redress of actions taken under color of law that has been

declared unconstitutional by the U.S. Supreme Court. Were Plaintiff to prevail in this case, then habeas action would be appropriate. But the process of this case followed by a full and fair hearing in habeas would then prevent Plaintiff Kaemmerling from receiving the benefit of the action.

The suggestion that Plaintiff must <u>first</u> prevail on habeas to have his grievances of denial of access to the courts for adjudication of his issue is to create an endless conundrum. Defendant's suggestion is that for this action to move forward, Plaintiff must first prevail in a manner which he is blocked from pursuing is to have missed the point. Surely Defendant's Counsel has read the original petition, though one must wonder.

Defendant also quotes <u>Chatman-Bey v Thornburgh</u>, 864 F.2d 804 (D.C. Cir 1988) in which Chatman-Bey was challenging the failure to aggregate a federally imposed sentence with a DC sentence in calculating his parole eligibility date. In that case the Circuit Court was affirming Chatman-Bey's right to bring the issue on habeas which is what he did. This case is unrelated. The present case involves a denial of Plaintiff's acces to the courts and his right to be heard on habeas.

Defendant's further attempt to mislead the Court by misrepresenting the underlying cause of action. Defendant states "Plaintiff Kaemmerling's motion seeks to challenge the duration and validity of his sentence -- he requests that this Court order him released pending the outcome of this challenge." This is simply not true.

Plaintiff Kaemmerling seeks the removal of the procedural barriers that prevent his case from being heard on its merits.

These errors are particularly grievous when it is noted that not one, which is customary, but three senior officers in the U.S. Attorney's Office, including the U.S. Attorney, signed off on such a response.

Respectfully submitted,

*/s/ Russell Kaemmerling*

Russell Kaemmerling, pro se
Reg. No. 04899-017
P. O. Box 9000
Seagoville, TX 75159-9000


PROOF OF SERVICE

I certify that a true and correct copy of this Reply was sent to the

U. S. Attorney
555 Fourth St NW
Washington, DC 20530

Certified as true and correct Title 28 U.S.C. § 1746.

*/s/ Russell Kaemmerling*

Russell Kaemmerling